### SHULTZ *a.* DEPUY.

*New York Superior Court ; Special Term, May, 1856.*

COMPLAINT ON CHECK.—REQUISITES OF.

In a complaint against the drawer of a bank check, or of a bill of exchange, properly so called, it is necessary to aver either demand and notice to the drawer of non-payment, or such facts,—*e. g.* want of funds at bank,—as excuse demand and notice.

Demurrer to complaint.

This action was brought by Charles Shultz against Jacob Depuy, as the drawer of a check upon the New York County Bank, payable to the plaintiff or bearer, for one hundred and twenty-nine dollars.

The complaint averred that the check had been delivered to the plaintiff for value, and that its payment had been demanded at the bank, but it had not been paid.   There was, however, no averment that notice of this demand and non-payment had been given to the defendant, nor of any facts excusing notice.

*Mr. Van Orden*, for the demurrer.

*G. Carpenter*, opposed.

DUER, J.—The complaint cannot be sustained for the reason that it contains no averment of notice of demand and non-payment. Since the decision of the Supreme Court in Harker *v.* Anderson (21 *Wend.*, 372), in which all the cases upon the subject were carefully reviewed, the law must be considered as settled, that the drawer of a bank check is as fully entitled to notice of its dishonor as the drawer of an ordinary bill of exchange. The decision rendered by this court in Cornwall *v.* Lewis (1 *Hall*, 69), has sometimes been erroneously cited as supporting an opposite doctrine. That decision rested entirely upon the peculiar circumstances of the case, and does not conflict with the general rule.

It is very true that when a drawer of a check has no funds in the bank, demand of payment, and notice of refusal to pay, are unnecessary to charge him. But an averment of demand and non-payment is no more an averment of the want of funds in an action upon a check than it is in an action upon a bill of exchange properly so called. And in all cases where it is intended to rely upon the want of funds as excusing demand or notice, that fact must be expressly averred in the complaint. (Garvey *v.* Fowler, 4 *Sandf.*, 668).

Judgment for defendant on the demurrer, unless the plaintiff amend and pay costs within ten days.