Lumbert & Co. v. Palmer.

LUMBERT & Co. v. PALMER *et al.*

**Pleading:** BILLS AND NOTES: EVIDENCE. Under our system of pleading, which requires a party to state the *facts* upon which he relies, a plaintiff in an action against the drawer of a bill of exchange or the indorser of a note, cannot aver demand, protest, and due notice thereof, and then recover thereunder upon proof of facts amounting to a waiver of these,—as a subsequent promise to pay by the drawer or indorser after full knowledge of the facts.

*Appeal from General Term, Ninth District, (Dubuque County.)*

WEDNESDAY, JUNE 15.

ACTION upon a bill of exchange drawn by defendants upon Reed & Boynton, payable to plaintiff at three days' sight. The petition avers the drawing of the bill, its due presentment for acceptance, the refusal of the drawees to accept, and due notice thereof to defendants; it is also averred that the drawees made their acceptance in writing on the bill, qualified, by making it payable in thirty days, which the plaintiffs refused to accept unless the defendants should first agree thereto in writing,

which they refused to do; that at the maturity of the bill, three days after sight, it was presented for payment, which was refused and, due protest made, and notice thereof given defendants; that defendants had no funds in the hands of the drawees at the time it was drawn, nor since; that the said bill is still due and unpaid, and plaintiffs are the owners thereof.

For answer, the defendants deny any indebtedness to plaintiffs; deny refusal to accept and notice; and deny that plaintiffs refused to receive and accept the qualified acceptance of the drawees unless defendants would agree thereto; and aver that they had funds in drawees' hands sufficient to pay the bill at its date and ever since; that the drawees had always accepted their drafts, and they had reason to believe the one sued on would be accepted; that the plaintiffs did receive and agree to the qualified acceptance without defendant's consent; that when said bill was presented to the drawees, they offered to part thereof, which plaintiffs refused to receive without the knowledge or consent of defendants; that the drawees failed before the expiration of the thirty days, and had in their hands more of defendants' funds than the amount of said bill which was lost to defendants; and they deny any notice and all knowledge of presentment for acceptance or payment.

Upon these issues the cause was tried to a jury, and resulted in a verdict and judgments for plaintiffs, which was affirmed in the general term. The defendants appeal to this court. The further facts are stated in the opinion.

*Wilson & Doud* and *O. P. Shiras* for the appellants:

The court instructed the jury, that even if defendants had been released by the laches of plaintiffs, still, if the jury found that defendants had subsequently promised to

pay the draft, that the plaintiffs would be entitled to recover.

1. Neither the pleadings nor the evidence justified the court in submitting the question of a subsequent promise to the jury. Sections 2872, 2875, Revision of 1860; *Garvey* v. *Fowler*, 4 Sandf. 665; *Cole* v. *Wintercost*, 12 Texas, 118; Edwards on Bills, 646.

2. The language used by the court misled the jury.

3. The instructions on this point do not correctly state the law.

4. If this question became material defendants were entitled to a new trial on ground of surprise.

*Mills & Graham* for the appellees:

1. The testimony in regard to a new promise was properly admissible under the pleadings. The petition set forth the making of the draft, the presentation, the refusal to accept, the notice, and the further fact that the draft was not drawn against funds. To this the defendants pleaded, as special matter of defense, that the defendants were discharged by the failure of plaintiffs to give notice in time of the dishonor of the paper. The Revision Code allows no replication to this. Rev. 1860, p. 527, § 2895.

The plaintiffs may therefore prove any fact which avoids the special matter pleaded in defense although not set up in his pleadings. *Smith* v. *Milburn*, 17 Iowa, 30; *Dav. S. F. Asso.* v. *The N. A. F. Ins. Co.*, 16 id. 74; *Carleton* v. *Byington*, 24 id. 172; *Noble* v. *Str. Northern Illinois*, 23 id. 110.

2. Under the former practice and at common law the new promise was always set up in the replication as matters in avoidance of the discharge, and under our present practice need not be set up in the petition. *Hughes* v. *Bowen*, 15 Iowa, 446; *Esselstyn* v. *Weeks*, 12 N. Y. 635.

3. When a drawer of a bill is discharged by reason of

Lumbert & Co. v. Palmer.

neglect of the holder to protest or give the requisite notice, and afterward with full knowledge of the facts makes a promise to pay the same, he is liable upon this new promise, not as a matter of contract, but upon the ground that the new promise amounts to a waiver of the objection that proper steps have not been taken to charge him. *Hughes* v. *Bowen*, 15 Iowa, 446.

The new promise is presumptive evidence of demand and notice, and, as such, is proper to go to the jury. *Tibbetts* v. *Dow*, 23 Wend. 379.

COLE, Ch. J.—I. On the trial the plaintiffs introduced one of their firm as a witness, who testified as to certain facts in respect of the drawing of the bill, its consideration, etc. The witness was then asked as to a certain, conversation between him and the defendant Palmer, shortly after the maturity of the bill and in respect of his promise to pay the same. This was objected to because immaterial; the objection was overruled and proper exceptions taken. The witness answered, detailing a conversation tending to show a promise by defendant to pay the bill. Further testimony was also introduced under like objection, tending to show a like promise by Clark, the other defendant. And the court, against the objection of defendants, instructed the jury, that if they should find that defendants had funds in the drawees' hands and had a right to draw the bill, and no notice of the failure to accept was given them, then they would be released; "but if defendants, or either of them, afterward, with full knowledge of such release, unconditionally promised to pay the draft, then such release would be waived."

It will be seen, by reference to the statement preceding this opinion, that there was no issue made as to the waiver; nor, indeed, was there any intimation in the

pleadings, in any way, of such fact or claim, or of any thing pertaining thereto.

The direct question is, then, fairly raised by this record and is pressed by the appellants' counsel, whether, under our code system of pleading a plaintiff in an action upon a note or bill may *aver demand, protest and due notice thereof*, and then recover by proving facts amounting to *a waiver* of them?

It is said in Parsons on Notes and Bills, volume 1, page 465: "With respect to the pleadings in case of excuse, it will be seen that an averment of presentment and demand of payment on a promisor is supported by proof of circumstances amounting to an excuse thereof." No authority is cited by the learned author in support of this proposition. And in this case it is not controverted by counsel that such was the rule at the common law, and further, it is conceded that a promise to pay, by a party entitled to notice, distinctly made with a full knowledge of all the facts and that there has been a want of due notice of the dishonor, will amount to a waiver of such notice and make the party liable, the same as if due notice had been given.

We hold, under our code of practice, that a party cannot properly give in evidence facts amounting to a waiver under an averment of due notice; and, as a consequence, the court erred in admitting the evidence and giving the instruction objected to as above. We proceed to state briefly some of our reasons for this holding.

Our code provides (Rev. § 2875, subdiv. 3), that the petition shall contain a statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action." The same provision is made as respects new matter in the answer constituting a defense, set-off, or counterclaim, etc. Rev. § 2880. From these, as well as from very many other provisions, it is

Lumbert & Co. v. Palmer.

apparent that our system of pleading is a fact system, one which requires the parties to state truly and frankly the facts upon which they rely for their action or defense. It does not allow, on the one hand, the statement of legal conclusions, nor, on the other, of the statement of the evidence of facts. Nor does it allow the misleading of an opposite party, a planting, so to speak, of a masked battery, whereby to surprise and destroy an opponent. But it requires a plain statement of facts upon which the party relies to maintain his action or defense—not even of equivalent facts, nor yet in such language as may by a forced construction amount to a statement of such facts, but a direct and frank statement of the facts themselves, in ordinary language, so that the opposite party may know what he is to answer by his pleading and meet by his proof.

If a party may aver in his pleading that he presented the bill of exchange sued upon for acceptance, which was refused, and due notice thereof given to the defendant, and sustain the same, not by proof of any such facts, but by showing that after he had failed to do any one of those things the defendant promised to pay the bill, then it must be true that our code does not mean what its language clearly imports, and that our supposed improvement upon the technical and deceptive common-law system of pleading is a myth. Take what the record in this case discloses : that the defendants, relying upon the trial of the issues as made by the pleadings, went to trial in the absence of one of the defendants, by whom they could disprove the alleged promise testified to by the plaintiff. Having no issue upon such promise and no expectation of any testimony upon it, they were not, of course, prepared to rebut it. The only safe way is to administer our system of pleading and practice according to its plain language and intent, and require parties to conform to it.

The following cases expressly decide the question in the same way : *Garvey* v. *Fowler*, 4 Sandf. 665; *Shultz* v. *Depuy*, 3 Abb. Pr. 252 ; *Cole* v. *Wintercost*, 12 Texas, 118. And the following cases illustrate more or less the principle upon which it is grounded : *Bristol* v. *R. & S. R. R. Co.*, 19 Barb. 158 ; *Bush* v. *Prosser*, 11 N. Y. 347 ; *Trustees* v. *Odlin*, 8 Ohio St. 293 ; *Hill, etc.*, v. *Barrett*, 14 B. Mon. 84; *Link* v. *Vaughan*, 17 Mo. 585.

The conclusion arrived at upon the point already considered operates to reverse the judgment, and renders it ·practically unnecessary to review the instructions refused and given. Some of those asked by defendants and refused, were refused, doubtless, because of their conflict with the views of the district court, which are reversed as above. Such was surely the case with instructions numbers nine and ten, and probably with numbers one, two, six and eight; and so, it is also clear from the foregoing views, that instructions four, five and seven, which were given by the court, ought not to have been given. It is not necessary to examine them in detail or further express any opinion upon them.

Reversed.