## BERNHARD v. THE WASHINGTON LIFE INSURANCE CO.

Pleading: ISSUE NOT RAISED BY. In an action upon a policy of life insurance, the petition alleged the execution of the instrument for a due consideration, and the answer denied the payment of premiums, which, by the terms of the policy, worked a forfeiture. The court instructed the jury that they might inquire whether the company had waived the payment of the premiums: *Held*, that there was no issue raised by the pleadings which justified the instruction.

*Appeal from Dubuque District Court.*

TUESDAY, APRIL 27.

ACTION upon a policy of insurance on the life of A. P. Bernhard. There was a verdict and judgment for plaintiff; defendant appeals. The facts of the case involved in the points of law ruled appear in the opinion.

*Shiras, Van Duzee & Henderson,* for appellant.

*Fouke & Lyon,* for appellee.

BECK, J.—The petition alleges that the policy sued upon was issued " for a valuable consideration paid " by the insured. It also avers the death of the insured, and that due notice and proof thereof was given defendant, as required by the terms of the policy. A copy of the policy is made an exhibit, and it recites the due payment of the premium by the assured.

The answer sets up that the policy was issued upon a written application of assured containing a stipulation that the instrument should not be binding upon defendant until payment of the premium, and that the insured failed to pay the premium, and no payment thereon · was ever received by defendant. The answer also sets up a condition· of the policy to the effect that if the premiums are not paid as required by the terms of the instrument, the defendant shall cease to be liable thereon, and avers that no payment of premiums was made upon the policy, and that it is wholly without consideration.

A replication was filed averring that, by the terms of the policy, payment of the premiums is admitted, which defendant is estopped to deny.

By certain instructions, the court submitted to the jury the question, to be determined by them, whether defendant had waived the payment of premiums on the policy, and directed that, if the fact should be so found, the non-payment of premiums would not defeat recovery upon the policy. This ruling is made the foundation of objection to the judgment.

No issue of waiver of the terms of the policy is made by the pleadings. The petition avers that the instrument was executed upon a sufficient consideration, and the answer denies payment of the premium, and avers the contract was without consideration. The issue thus raised, and no other, is the payment under the terms of the policy. Under our system of pleading the very facts of the case are to be alleged, and the proof of facts not alleged will not be taken as establishing those pleaded.

The plaintiff rested his right to recover upon the execution of the policy and the payment of the premium. The instructions hold that he may recover upon showing the execution of the policy and waiver of payment of premium. Either state of facts may entitle plaintiff to recover, but he seeks relief on the first, and must be held to its proof. The replication of plaintiff cannot aid him. It was an unauthorized pleading, the case having been tried under the Revision of 1860. But, should it be regarded as of any value, it does not raise an issue contemplated by the instructions complained of.

The facts that the policy imports a consideration, that the petition would have been sufficient without averring payment, and, under it, in that form, the plaintiff, upon the issue of want of consideration made by defendant, could have proved either payment or waiver, do not lead to a different conclusion. The plaintiff, by his petition, based his right to recover upon payment, not waiver, if the consideration of the instrument should be questioned.

Of this, by an averment in his pleading which might have been omitted, he advised the other party. He ought not to

be permitted to change the foundation of his action, and recover upon a state of facts different from those set up in the petition.

Our conclusion against the court's ruling is supported by *Lambert & Co. v. Palmer et al.*, 29 Iowa, 104, wherein we ruled that a plaintiff in an action upon a bill of exchange, cannot aver in his petition, demand, protest and notice, and recover upon a proof of facts amounting to a waiver thereof, namely, a subsequent promise of the defendant to pay, after full notice of the facts.

Other questions presented in this case need not be considered, as the judgment, for the error pointed out, must be

REVERSED.