FAUBLE & SMITH v. DAVIS ET AL.

1. **Contract:** PLEADING. In an action upon a contract it is not competent to show that performance was waived. The plaintiff can recover only upon the contract sued on, and he cannot allege a performance and prove facts in excuse of performance.

2. ——: MODIFICATIONS OF. A party who contracts to erect a building according to certain plans and specifications, does not perform his contract by simply erecting a building equal in strength, value and convenience. To enable him to recover, any deviations from the requirements of the contract must be slight and unimportant.

3. ——: BURDEN OF PROOF. If the building was not completed within the time specified in the contract, the burden was upon the plaintiffs to show a valid excuse for their failure to perform the contract.

4. ——: SEVERALTY. The fact that one of the plaintiffs was to receive a certain fixed sum, and the other plaintiff another, did not render the contract several, and they could maintain a joint action thereon.

*Appeal from Pottawattamie District Court.*

THURSDAY, JUNE 6.

ON the 16th day of July, 1874, the plaintiffs and defendants entered into a written contract, by which plaintiffs agreed to erect for the defendants a block of brick build-

ings, according to certain written plans and specifications. The defendants were to furnish all the building materials. For the labor and mechanical skill in erecting said buildings plaintiffs were to receive a certain compensation, which was, as to amount and times of payment, set forth in the contract.

On the 17th day of March, 1875, this action was commenced. The petition contains three counts. The first count claims two thousand and fifty dollars as a balance due the plaintiffs upon the contract for the completion of the buildings. The second count claims four hundred and fifty dollars upon an itemized account for extra work not provided for in the contract. The third count claims two thousand dollars damages for the failure of defendants to furnish materials in the time and of the quality prescribed by the contract, and for failure to make the necessary excavations for the erection of said buildings.

The answer admits the execution of the written contract, but denies that plaintiffs performed the work according to the terms thereof, and denies that plaintiffs performed additional labor upon the building of the value of four hundred and fifty dollars, or any other sum whatever. Avers that defendants did furnish material of the kind, description and quality prescribed by the written contract, and the excavating to be done by defendants was performed in the time allowed in said contract.

Defendants, by way of counter-claim, demanded judgment against plaintiff for a large amount, for the alleged failure of plaintiffs to complete the building in the time and manner required by the contract. Plaintiffs, by reply, took issue upon the counter-claim set up in the answer.

Upon these issues there was a trial by jury. There was a verdict and judgment for the plaintiffs, and defendants appeal.

*C. C. Cole,* for appellants.

*Sapp & Lyman* and *James, Aylesworth & Mynster,* for appellees.

ROTHROCK, CH. J.—I. There are thirty errors assigned, and twenty-three points in the argument of counsel for appellant.

To pass upon each assignment of error is, in our judgment, unnecessary, because we think many of them belong to the same class and may be disposed of without separate consideration.

It appears that a part of the wall of one of the buildings was not as thick by four inches as provided in the contract, and that the windows in the basement story of one of the buildings were set lower than the plans provided, and that the work was not completed by the time stipulated.

The plaintiffs introduced evidence tending to show that these departures from the contract were either acquiesced in by the defendants, or caused by their acts, and that the buildings were accepted by them as being done in fulfillment of the contract.

This evidence was objected to by defendants, because not competent under the issues. The objections were overruled and the evidence admitted. The court instructed the jury as follows:

"1.  In the first count of their petition the plaintiffs allege that they have performed their part of the contract, and that there is an amount due them thereon. Their right to recover on this count depends, then, on whether they have established their claim that they have performed their part of the contract. If the proof establishes either one of the following states of fact, the plaintiffs will be entitled to recover on this count—*First*, that they have performed all the work which they undertook to perform substantially in the manner and within the time in which they agreed to perform it; or, *second*, that they performed a portion of said work in the manner and within the time agreed upon, and were ready and willing to perform the balance according to the terms of the agreement, but were prevented from so completing the same by some act or omission of the defendants; or, *third*, that with

full knowledge of the manner in which the work was done, the defendants have accepted the same as a full performance of the contract by the plaintiffs. But if the proof fails to establish either of these states of fact, the plaintiffs cannot recover anything on this count of the petition.

"2. Your first inquiry, then, is whether the plaintiffs have performed the work they undertook to do in the manner and within the time in which they agreed to do it. What is required of them in the performance of the work is a substantial compliance, in the manner of doing it, with the plans and specifications. If they have deviated from the plans and specifications in matters which do not affect either the strength, value or convenience of the building, such deviation would be unimportant, and would not defeat their right to recover on the contract. But if in doing the work they have, on their own motion, so far departed from the plans and specifications as that the building is less valuable than it would have been had they followed the plans and specifications, they cannot, in this action, recover the balance which is unpaid under the contract, unless the defendants have accepted the work as done as a performance of the contract.

"3. If you should find from the evidence that plaintiffs performed the work actually done by them substantially as they agreed to do it, but that they have failed to do some portions of the work provided for in the contract, it will then be material for you to determine whether such failure was owing to any fault on their part. If they have omitted any material portions of the work which the defendants have not consented to or waived, or which was not caused by some failure of the defendants to perform some portions of the contract on their part, they cannot recover on said first count of their petition. But if they were ready and willing to do the omitted portions of the work (if there be any) and their failure to do the same was owing to the failure of defendants to furnish the necessary material for doing it, their failure to do such

omitted portions of the work will not defeat a recovery by them on the contract."

To the giving of which instructions defendants excepted.

The admission of the evidence above referred to, and the giving of these instructions, was erroneous.

The plaintiffs averred a performance of the contract, and it is well settled that under such averment it is not competent to show that a performance was waived, nor that the contract was altered by the act of the parties. A party cannot sue upon one contract and recover upon another. *Lumbert & Co. v. Palmer*, 29 Iowa, 104. For the latest utterance of this court upon the question, see *Edgerly v. The Farmers' Insurance Co.*, 43 Iowa, 587.

1. CONTRACT: pleading.

It may be conceded, as claimed by counsel for appellees, that "where a party to a contract is prevented from performing his part of it by the other party, he cannot therefore abandon it and sue on the *quantum meruit*, but is entitled to recover as in case of a complete performance." But it does not follow that, under our system of fact pleading, he can allege a performance of the contract, and prove facts in excuse of performance.

II. We think the second instruction is also erroneous in directing the jury "that a deviation from the plans and specifications, in matters which do not affect either the strength, value or convenience of the building * * * * * * * * would be unimportant, and would not defeat the right to recover on the contract."

2. ———: modification of.

A party who contracts to have a building erected according to certain plans and specifications cannot be compelled to accept any kind of a building which, in the judgment of others, is equal in strength, value and convenience. It may be of great importance to him to have the building to suit his ideas of convenience. It seems to us this instruction, if not intended to have that effect, would be liable to lead a jury to believe that any building of equal value, strength and convenience would fill the requirements of the contract, and that

Fauble & Smith v. Davis.

the instruction should have been limited to slight and unimportant deviations.

III. The court further instructed the jury as follows: "14. The plaintiffs by the contract were to* complete the building by the 1st of November, 1874, unless they were delayed by want of material. If they failed to complete said 3. ——: bur- building by that time, and were not delayed by den of proof. want of material, they would be liable for whatever damages the defendants have sustained by reason of such failure. The rental value of the building during the time which defendants were kept out of it, by reason of such failure, would be the measure of defendants' recovery on this claim. But the burden is on the defendants to establish both the fact of the failure and that it was not caused by want of material, in making out the claim." To which defendants duly excepted.

The latter part of this instruction was erroneous, even conceding that evidence in excuse of performance of the contract was competent under the issue. When the defendants established the fact that the buildings were not completed by the 1st day of November, 1874, as the case then stood, plaintiffs were in fault, and the burden was then on them to show a valid excuse for their failure to perform the contract.

IV. It is claimed by appellant that the contract is several, and not joint, and that plaintiffs cannot maintain a joint ac- 4. ——: sev- tion upon it. In this position we do not concur. eralty. By the very terms of the writing, both of the plaintiffs are bound to the defendants for the entire work and labor necessary in the erection of the block of buildings. For any failure both are liable, and upon that theory the defendants set up joint counter-claims. The mere fact that Smith was to receive a certain sum of money for the work and labor, and Fauble a certain other sum, does not make it necessary that they should bring separate suits.

There are other errors assigned, among which is the ruling of the court upon evidence as to the acceptance of the build-

ings, and as to what is extra work, etc., which we do not deem it necessary to determine, as upon a new trial it is not likely the same questions will arise.

For the errors above discussed the judgment must be

REVERSED.