# New York Marine Court.

### Special Term—March, 1880.

## MORTIMER A. FRISBEE *against* HENRY JACOBS.

The drawer of a check having funds at the bank must have notice of the presentment and non-payment before he can be made liable by suit.

The complaint must aver either notice to the drawer or a want of funds, otherwise it will be demurrable.

Section 534 of the Code of Civil Procedure construed.

The complaint was upon a check drawn by defendant upon the Germania Exchange Bank. A copy of

the check is set forth, and it is averred to have been delivered for value to the plaintiff; that it was presented at the bank, where payment was refused, and that plaintiff is the owner and holder thereof.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Henry M. Goldfogle*, for the demurrer.

*A. Marks*, for plaintiff, opposed.

McADAM, J.—The action is on a bank check drawn by the defendant. The complaint alleges presentation to the drawee, but fails to allege either want of funds of the drawer or notice of dishonor, and for this omission the defendant demurs. The demurrer is well taken (see Harker *v.* Anderson, 21 *Wend*. 372; *Edwards on Bills*, p. 396; Garvey *v.* Fowler, 4 *Sanf*. 665; 3 *Abb. Pr*. 252; 3 *Hun*, 190). Section 534 of the Code of Civil Procedure, allowing a plaintiff to set forth a copy of the instrument sued on, and to state that there is due thereon a sum which he claims, applies only to the parties primarily liable and not to those whose contract is conditional, and where it depends on facts outside the written instrument to charge them (Conklin *v.* Gandall, 1 *Keyes*, 228). In the case just cited it was held that the facts necessary to charge an indorser must be alleged. The demurrer is, therefore, well taken and must be sustained, with leave to the plaintiff to amend on payment within five days of $10 costs.

NOTE.—No appeal was taken.