## WELSH v. THE DES MOINES INS. CO.

1. **Fire Insurance:** PROOFS OF LOSS: WHAT NECESSARY. Under § 3, chap. 211, Laws of 1880, proof of loss under a policy of insurance must be by affidavit, stating the facts as to how the loss occurred, so far as they are within the knowledge of the assured, and the extent of the loss. Therefore, *held* that an unverified certificate of a veterinary surgeon, stating how, in his opinion, a certain cow came to her death, without giving the extent of the loss, and fixing the ownership of the cow in a person other than the insured, was insufficient; and, in an action on the policy to recover the value of the cow, evidence that such certificate was sent to the company was inadmissible.

2. **Evidence:** MUST BE CONFINED TO ISSUES. In an action on a policy of fire insurance, evidence offered to show that the company had waived proper proofs of loss was inadmissible, where such waiver was not pleaded.

*Appeal from Boone Circuit Court.*

SATURDAY, MARCH 12.

THIS is an action upon a policy of insurance against loss by fire and lightning. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Cole, McVey & Clark,* for appellant.

*S. R. Dyer,* for appellee.

ROTHROCK, J.—I. The property insured consisted of a barn, wagons, work horses and cattle. The plaintiff claimed that a valuable cow included in the insured property was struck by lightning and killed; and it was averred in the petition that the plaintiff fulfilled all of the conditions of said insurance on her part, and, before the commencement of the action, "gave to the defendant due notice and proof of said cow being struck by lightning, and loss aforesaid, and duly demanded payment of the sum of three hundred dollars." The defendant, by its answer, denied that the cow in question died or was struck by lightning, and averred that, if the same be dead,

the cause of her death was disease; and it is especially alleged in the answer that plaintiff did not at any time give to the defendant any notice nor proof of the alleged loss under said policy. The policy required that, in case of loss or damage, the assured should notify the secretary of the company within thirty days from the time the loss occurred, and the assured was also required to make proper proofs of loss.

To sustain the allegation that these requirements of the policy had been complied with, the plaintiff introduced in evidence a letter, of which the following is a copy:

"Boone, Iowa, July 16, 1885.

"*Theo. F. Gatchell, Des Moines, Iowa:* The cow mentioned in policy No. 22,198, Mrs. H. F. Welsh, as appears from the enclosed statement, was struck by lightning on the morning of the thirteenth inst., from the effects of which she died on the fifteenth inst. Please send some one to adjust the loss at once.     W. W. Nixon, Agt."

Inclosed in the above letter there was a statement of which the following is a copy:

"*Boone, Boone Co., State of Iowa:* I, the undersigned, veterinary surgeon, do hereby certify that I was called to see Thilda Williams, a full-blooded Jersey cow, owned by George H. Welsh, on the thirteenth of July, 1885, and found upon examination of said animal that, in my opinion, she had the night previous been struck by lightning, which caused the hindmost parts, together with the bowels, to become paralyzed, which caused death on the fifteenth day of July, 1885.     C. Eastwood, Vt.

"We, the undersigned, having examined the animal, find from external marks that the above statement is correct.

"Alfr. L. Tornblom.

E. A. Warren."

The defendant objected to these instruments on the ground that they did not show notice and proof of loss. The objec-

tion was overruled. Whatever may be said of the notice of loss as evidence, it is very plain that the instrument signed by Eastwood was in no just sense proof of loss. The policy did not require any specific mode of proof of loss. Section 3, c. 211, Laws 1880, (Miller's Code, 299,) prescribes what proof of loss shall be necessary to maintain an action upon a policy of insurance. It must be by "affidavit, stating the facts as to how the loss occurred, so far as they are within his (the assured's) knowledge, and the extent of the loss. * * * " The object of this statute was to simplify the proofs of loss necessary to be made, and to prevent insurance companies from availing themselves of technical defenses founded upon unreasonable requirements in making proofs of loss. In the case at bar, what is claimed to be proof of loss is not an affidavit. It is a mere certificate of a veterinary surgeon that a cow was struck by lightning, and killed. It does not give the extent of the loss, nor name the plaintiff herein as the owner of the cow, but fixes the ownership in another. We think that, under the issue made in the pleadings, this evidence should not have been admitted.

II. It is claimed that the so-called "proof of loss," in connection with certain parol evidence in the case, shows 2. EVIDENCE: must be confined to issues. that the defendant made no objection to the form of the proof of loss, or, in other words, that the defendant waived proper proofs of loss. The defendant objected to said parol evidence, and the objection was overruled. In our opinion, this evidence should have been excluded, because it did not correspond with the averments of the petition. There was no allegation therein that proper proofs of loss were waived. *Lumbert v. Palmer*, 29 Iowa, 104; *Woolsey v. Williams*, 34 Id., 413; *Edgerly v. Farmers' Ins. Co.*, 43 Id., 587; *Zinck v. Phœnix Ins. Co.*, 60 Id., 266.

REVERSED.