## EISEMAN v. THE HAWKEYE INSURANCE COMPANY.

1. **Fire Insurance:** INSTRUCTION: ERROR CURED. In an action upon a policy of fire insurance, the court erroneously instructed the jury, in stating the issues, that the defendant in its answer admitted that a part of the insured property was injured or destroyed by fire. *Held* that this error was without prejudice, because, in two other instructions, the jury were informed that, to authorize a verdict for the plaintiff, they must find from the evidence that the property, or a part of it, was injured or destroyed by fire.

( 11 )

2. ———: ———: NOTICE OF LOSS AS REQUIRED BY THE POLICY. In such case, an instruction to the effect that, to entitle plaintiff to recover, he must prove that he "gave defendant notice of the fire, and the loss thereunder, as required by the terms of the policy," *held* not to dispense with the necessity of *proof* of loss, since proof of loss must accompany such notice, under the terms of the policy.

3. ———: INSTRUCTIONS AS TO WAIVER NOT PLEADED. If plaintiff, in an action upon a policy of fire insurance, relies upon a waiver by the company of conditions of the policy as an excuse for his failure to perform them, he must plead such waiver. (See cases cited in opinion). And so, where the company set up as a defence a breach by the insured of certain conditions of the policy, and plaintiff did not, either in his petition or by reply, raise the issue of waiver, it was error for the court to instruct the jury as though such issue were in the case.

*Appeal from Pottawattamie District Court.*—Hon. A. B. Thornell, Judge.

Filed, March 7, 1888.

Action upon a policy of insurance to recover the value of the property insured, which was destroyed by fire. There was a judgment on a verdict for plaintiff. Defendant appeals.

*Phillips & Day* and *Geo. R. Sanderson*, for appellant.

*Wright, Baldwin & Haldane*, for appellee.

Beck, J.—It is necessary to consider but a few of the numerous errors assigned and argued by appellant. The facts upon which the respective objections to the judgment are based will be stated in connection with the discussion of each.

I. The district court, in stating to the jury the issues involved in the case, informed the jury that defendant admitted in its answer that a part of the goods and property covered by the policy was injured or destroyed by the fire. It is insisted that this is an erroneous statement of the

1. FIRE insurance: instruction: error cured.

effect of the pleadings. The defendant, in its answer, admits that a fire occurred in the building wherein the insured goods were situated when the policy was issued, but "upon information and belief" denies that any part of the property was injured by the fire. The pleadings of the defendant were verified. We need not inquire whether this language of the answer ought to be taken as a denial of the allegation as to the destruction of the property, for the reason that, if the instruction just referred to be regarded as erroneous, it did not, in our opinion, work prejudice to defendant, for the reason that in two other instructions the jury were informed that, to authorize a verdict for plaintiff, they must find from the evidence that the property or a part of it was injured or destroyed by fire. We think by no possibility could the jury have been misled, and thereby found the loss or injury of the goods upon the pleadings. The two explicit instructions were doubtless understood by them and followed. As they were directed to find the destruction or injury to the goods from the evidence, they doubtless did not consider the statement complained of as nullifying the direction of the other instructions.

II.  The court, in the first instruction, directed the jury that, to entitle plaintiff to recover, they must find, among other things, that plaintiff "gave defendant notice of the fire and the loss thereunder as required by the terms of the policy." Counsel insist that this instruction denies the necessity of proof of loss. We think differently. This condition of the policy as to notice of loss plainly implies that proof of loss shall accompany and be a part of it. Hence, notice of loss "as required by the policy" would contain what counsel call "proof of loss."

*2. ——: ——: notice of loss as required by the policy.*

III.  The court gave the jury the following instructions. They fully state the facts and rules of law applicable thereto announced in them :

"4. The policy introduced in evidence provides that all persons having a claim under this policy for loss or

3. ——: instructions as to waiver not pleaded. damage, if required, shall produce books of account and other proper vouchers and extracts to be made therefrom, and be examined and reëxamined under oath, by any person appointed by the company, at such time or times, and place or places, as the company or such person may require, touching all questions relating to the claim, and subscribe to the same; and until such examination is submitted to, if required, the loss shall not become payable.

"5. The above conditions of said policy are binding upon the assured. The burden is upon the defendant to show notice to said D. McGinnis requiring him to appear at a certain time and place to be so examined; but if you shall find from the evidence that such notice was served by the defendant upon D. McGinnis, the burden would then be upon said D. McGinnis to show by a preponderance of the evidence that he complied with said notice and submitted to such examination under oath, or that the defendant, by some act of its own, waived such condition of the policy. And if you shall find from the evidence that said D. McGinnis was required by the defendant, by notice served upon him, to appear at a certain time and place to be examined and reëxamined under oath touching said loss, and that said D. McGinnis failed to comply therewith, the verdict must be for the defendant, unless it be shown, as above stated, that the defendant waived such condition.

"6. If you shall find that the defendant did notify said McGinnis to appear at Des Moines to submit to an examination under oath touching said loss, but that said McGinnis made excuse for not appearing at said time and place, and that defendant accepted said excuse, and then sent an agent to Council Bluffs, and at said latter place said McGinnis submitted to examination as required by the terms of said policy, then you are entitled to find that defendant waived its right under said policy requiring said McGinnis to appear for said examination at Des Moines, as required by its said

notice, and such waiver will also apply to any subsequent notice for reëxamination at Des Moines."

The answer of defendant pleaded as a defense the violation of the conditions stated in the instructions. The plaintiff, by failing to reply, took issue upon the facts as pleaded. No reply pleading waiver was made by the plaintiff, and the petition does not allege that the conditions of the policy, or any of them, were waived by defendant. The pleadings, therefore, presented the issue involving the facts upon which it is claimed that the conditions of the policy were violated. It is plain that, upon the pleadings, the question for the court to try and determine was this: Were the acts done by plaintiff which are alleged to constitute breaches of the conditions? But the instructions require this question to be determined: Did defendant do any acts which in law waived the performance of the conditions? The rules of pleading require the facts to be stated upon which parties base their claim to recover, or their defenses. Under this instruction, plaintiff is entitled to recover upon facts constituting a waiver. Yet nothing in the pleadings indicates that he seeks to recover upon that ground. It is a familiar rule that, when a waiver of a condition is relied upon, it must be pleaded; otherwise evidence thereof will not be regarded as excusing the performance of the conditions. *Bernhard v. Washington Life Insurance Company*, 40 Iowa, 442; *Lumbert v. Palmer*, 29 Iowa, 104; *Edgerly v. Farmers' Insurance Company*, 43 Iowa, 587; *Fauble v. Smith*, 48 Iowa, 462; *Welsh v. Des Moines Insurance Company*, 71 Iowa, 337; *Meadows v. Hawkeye Insurance Company*, 62 Iowa, 389. Counsel for plaintiff, replying to this objection, say, in effect, that the evidence in fact shows a performance of the conditions of the policy referred to in the instructions, and the district court mistakenly "called the state of facts waiver." But this explanation will not do. The defendant insisted that the conditions were not performed; the plaintiff, that they were. The court held that the jury were authorized to find a waiver. In this condition of the

pleadings and instructions, the jury may have found that facts, which they did not regard as performance, amounted to a waiver of performance; thus basing their verdict upon their findings on an issue not in the case.

IV. The seventh instruction is in the following language:

"7. The policy in this case provides, among other things, that if any of the property insured shall be removed, the policy shall be null and void as to such property. In order to avoid any portion of its apparent liability by reason of this clause in the policy, it will not be sufficient for the defendant to show that particular articles were moved from one portion of the building to another, but it must be shown that such articles were moved from the building described in the policy, and were not in the building at the time of the fire. The policy also provides that if any portion of the insured property is kept in any other room or part or place of the building than when first insured, the policy shall be null and void as to such property. In order to avail itself of this clause in the policy, the defendant must show that articles which, at the time of the issuance of the policy, or at the time when they were first brought into the building described in the policy, were kept in some particular room, part or place of the building, were afterwards kept in some other room, part or place thereof. This provision of the policy is binding upon the assured, and if it be shown that said D. McGinnis did not comply therewith, plaintiff cannot, for the goods that were so removed, recover; that is, in order to be covered by the terms of said policy, the property described in said policy must have been kept in the room or rooms of said building where situated at the time said contract was made, and any goods that were removed therefrom are not covered by the policy—but the burden is upon the defendant to establish this defense by a preponderance of the evidence. But if you should find from the evidence that, at the time the application for insurance was made, a part of said stock was in the front room and a part

*THE SAME.*

thereof was stored in the room adjoining, and the agent of defendant and said McGinnis understood that all of said goods were to be sold in the front room of said building, and said goods were moved back and forth between said rooms only as the necessities of said business required, or for any proper purpose connected with said business, then said policy would cover said stock when contained in either of said rooms."

This instruction is erroneous on the ground that it authorized the jury to find a waiver of the condition, when no waiver was pleaded, which we have just shown cannot be done; or it substitutes an oral contract for the written one on which the suit is brought, which cannot be permitted.

Other questions discussed by counsel may not arise in a new trial. Upon some others we are not wholly agreed. These questions need not be considered. For the error in the instructions above pointed out, the judgment of the district court is

REVERSED.