J. F. BROCK V. THE DES MOINES INSURANCE COMPANY, Appellant.

**Plea of Performance: ISSUE UPON.**   While our Code allows the performance of conditions precedent to be alleged as a general conclusion and requires an answer controverting such an allegation to state specifically in what particular there was non-performance (Code, 2715, 2717), the plaintiff may waive the benefits given him by these statutory provisions; and where he attempts to set out the facts constituting performance on his part, instead of contenting himself with stating performance as a conclusion, an issue is raised by answer in the nature of a general denial, though it fails to point out in what particular there was no performance.   *Hagan v. Co.*, 81 Iowa, 332, *distinguished and modified.*

**Proof of Loss.**   Where such proof fails to comply with the requirements, either of the policy issued or the Code, it is inadmissible in evidence, and a verdict should be directed for the insurer.

**WAIVER** of proofs of loss is not available unless pleaded.

*Appeal from Hamilton District Court.—*HON. N. B. HYATT, Judge.

FRIDAY, OCTOBER 18, 1895.

Action on a policy of insurance.    Trial to a jury. Verdict for plaintiff.    Defendant appeals.—*Reversed.*

*McVey & Cheshire* for appellant.

*George Wambach* and *Wesley Martin* for appellee.

Kinne, J.—I. Plaintiff resided in Homer, Iowa. He carried a policy of insurance in defendant company for the sum of one thousand two hundred dollars; two hundred dollars being on his store building, and one thousand dollars upon his stock of goods. The policy was issued on May 14, 1892, and the property was destroyed by fire on January 24, 1893. October 16, 1893, this suit was instituted upon the policy. It is alleged in the petition that in January, 1893, plaintiff "furnished the defendant with proof of his said loss, in writing, accompanied by his affidavit as required by law, and has otherwise performed all the conditions of said policy on his part." The policy, a copy of which is attached to the petition, provides that: "In case of loss or damage by fire, the assured shall forthwith give notice thereof to the company, * * * and, within thirty days, render an account of the loss, signed and sworn to, stating how the fire originated, giving copies of the written portions of all policies thereon; also, the actual cash value and ownership of the property, and the occupation of the premises; and, when required, shall submit to examinations under oath. * * *" The policy further provided that no "condition, stipulation, covenant, or clause * * * shall be altered, annulled, or waived, or clause added, * * * except by writing indorsed hereon or annexed hereto by the secretary, with his signature affixed thereto, any contract had by parol or understanding with the agent, had before or after issuing the policy, to the contrary notwithstanding." A further provision was "that none of the terms or conditions of this policy can be waived by any person or

persons whomsoever, except in writing by the secretary
of the company;" also, that "no agent of this company
has any authority to waive, modify, erase, or strike out
any of the printed conditions of this policy." The
answer consisted of a general denial, and a plea that,
as the suit was not commenced within the time fixed
in the policy, the action was barred. On the trial the
following, which was claimed to be the proofs of loss
furnished the company, was introduced in evidence:

"State of Iowa, Hamilton County—ss.: I, J. F.
Brock, being duly sworn, on oath depose and say: That
on the 16th day of January, 1893, I made inventory of
my stock of goods in my store at that date,
including medicines, and some of the medicines
was held by me for sale on commission; also,
said inventory, including furniture and fixtures in my
store. That said inventory, including above-mentioned
medicines and furniture and fixtures, amounted to
fourteen hundred forty-six 29-100 dollars ($1,446.29).
Medicine held on com. amounted to..........$  36 01
Furniture and fixtures ......................    53 58
Goods sold after inventory, and prior to fire...    80 42

Reducing my stock and inventory........$170 01
"That my policy permits me to carry insurance on $\frac{3}{4}$
the actual value of my stock of goods, in policy No.
58,275, Des Moines Insurance Company. That I refuse
to allow any depreciation of value on my stock on
account of age or damaged goods. I have been in the
business since August, 1890. At the time I went into
business, I purchased a stock of goods of Mr. J. E.
Smith, at Homer, Iowa. It is agreed that the Des
Moines Insurance Co. have not waived any of its legal
rights or defenses by investigating my loss for the
purpose of getting facts relative to my fire, or amount
of stock on hand at time of loss."

It was properly signed and sworn to. At the con-
clusion of the evidence the defendant moved the court
for an order directing the jury to return a verdict for it
—*First,* because the case was brought too late; and,
*second,* that proofs of loss are a condition precedent to
a recovery, under the policy and the statute, and the
undisputed evidence shows that no proof of loss was
made. This motion was overruled, and an exception
noted. Thereupon the defendant asked the court to
give certain instructions,—that, for the reasons stated
in the motion, the plaintiff could not recover. These
requests were refused, and duly excepted to. Plaintiff
then moved the court for an order directing the jury
to return a verdict for him, which was sustained, and
a verdict so directed and returned, and defendant
excepted.

II. It is contended that, before recovery can be
had in this case, it must appear that proper proofs of
loss were furnished the defendant company. That
such proofs are a condition precedent to the right to
recover is not a matter of dispute between counsel.
Plaintiff contends that such proofs were in fact
furnished; that, if the proofs in fact furnished
were insufficient, they could only be attacked by
specially pleading the objections to them, which was
not done. By the terms of the policy, it was incumbent
upon plaintiff, within thirty days of the loss, to render
an account of the loss, signed and sworn to, stating
how the fire originated, the actual cash value of the
property, and to set forth copies of the written por-
tion of the policy. The statute requires the proof of
loss to be by affidavit, setting forth the facts as to how
the loss occurred, so far as they are within the knowl-
edge of the insured, and the extent of the loss, which
must be given within sixty days from the time the loss
occurred. McClain's Code, section 1734. *Welsh v.*

*Insurance Co.,* 71 Iowa, 338 (32 N. W. Rep. 369). It will be observed that the so-called proofs of loss did not conform to the requirements of either the policy or the statutes.    No account of the loss was rendered. There was no statement as to how the fire originated. The proof does not state the actual cash value of the property, except as it may be deduced from the contents of the paper by inference.    The proofs fail to conform to the statutory requirements, in that no facts are set forth showing how the loss occurred.    In any view, the proofs of loss were not such as required by law.

It is said that any defects therein were waived because defendant did not plead them, and Code, section 2715, is relied upon.    That section provides, "In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts constituting such performance, but the party may state generally, that he duly performed all the conditions on his part."    By section 2717 it is provided, that, if such an allegation is controverted, "the facts relied on shall be specifically stated."    Plaintiff's claim is that the pleadings present a case which is to be governed by these sections, and, as defendant did not plead the facts touching the insufficiency of the proofs of loss, it cannot now be heard to complain.    We need not determine whether, in the event plaintiff had pleaded "that he had duly performed all the conditions" of the policy on his part, the general denial of defendant would have raised an issue thereon.    Plaintiff did not so plead.    He averred that he had furnished defendant with proof of loss in writing, accompanied by his affidavit as required by law.    Plaintiff, in his pleading, did not state generally "that he duly performed all the conditions on his part," but undertook to set

out the facts constituting the performance of the conditions of the policy. These were denied, and this raised an issue, and made it necessary for plaintiff to establish the fact that he had given proper proofs of loss. We are aware that some language is used in *Hagan v. Insurance Co.*, 81 Iowa, 332 (46 N. W. Rep. 1114), which, it is insisted, holds to a contrary view. We think the doctrine there announced, if it can be said to be susceptible to the construction contended for, should be modified in conformity with the views herein expressed. The object of the statute was to permit a party to state as a conclusion his performance of all the conditions of the contract upon which he seeks to recover, and, when that is done, issue can only be raised thereon by pleading the facts relied upon to contradict the allegation. If, however, the pleader does not seek to avail himself of the benefit of that provision of the statute, he is not in a position to claim that a general denial of his allegations raises no issue. If, in other words, he undertakes to set forth the facts constituting performance, whether fully or otherwise, an issue may be made thereon by a general denial, as was done in this case. We have, then, a case where there was an issue as to whether or not legal proofs of the loss were furnished. All of the evidence on part of the plaintiff which tends to support his claim was the paper, a copy of which we have heretofore set out; and, as we have shown, it was not such proof of loss as the law required. As this paper was objected to, it should not have been received in evidence.

Likewise, the court erred in directing a verdict for plaintiff, and in overruling defendant's motion for a verdict, because no recovery could be had in the absence of evidence of proper proofs of loss having been given.

It is not necessary to consider the question as to whether proofs of loss were waived. No waiver was pleaded, and the law is well settled in this state that a waiver cannot be relied upon unless it is pleaded. *Edgerly v. Insurance Co.*, 43 Iowa, 590; *Eiseman v. Insurance Co.*, 74 Iowa, 11 (36 N. W. Rep. 780); *Bernhard v. Insurance Co.*, 40 Iowa, 442; *Zinck v. Insurance Co.*, 60 Iowa, 267 (14 N. W. Rep. 792).

Other errors are assigned, but we need not consider them. Most of the questions presented are determined by what we have already said.—*Reversed.*