WILLIAM HEUSINKVELD, for and in behalf of D. BRUINS, v. THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

**Proof of Loss.** Bill by carpenters as to the cost of rebuilding a building destroyed by fire is not sufficient proof of loss.

**Practice: DISCRETION.** The refusal to allow an amendment will not be disturbed in the absence of a clear showing of an abuse of discretion.

**Pleading: WAIVER OF PROOF OF LOSS.** Where the complainant in an action on an insurance policy merely alleges that notice and proofs of loss were given, a waiver of the proofs of loss cannot be shown.

*Appeal from Sioux District Court.*—HON. A. VAN WAGENEN, Judge.

THURSDAY, OCTOBER 24, 1895.

Action at law upon a policy of fire insurance. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*C. E. Campbell* for appellant.

*E. W. Robey* for appellee.

Deemer, J.—On the seventeenth day of September, 1892, the defendant issued to plaintiff a policy of insurance covering certain property in the town of Maurice, in Sioux county. Loss, if any, was made payable to a mortgagee as his interest may appear. Afterwards an indorsement was made upon the policy, making it payable to Heusinkveld. On the eleventh day of January, the property was totally destroyed by fire, and on the twenty-first day of January, Heusinkveld assigned his interest in the policy to one D. Bruins. The defendant refused to pay the amount of the loss, and thereupon this action was commenced to recover the amount of the policy. Plaintiff, after alleging the material facts with reference to the issuance and assignment of the policy, further averred that he gave defendant notice of the loss on the twelfth day of January, 1893, and within thirty days thereafter made due proofs of loss as required by the policy. The defendant, in answer, denied the giving of notice and the making of proofs of loss as alleged; averred that the premises were mortgaged at the time the policy was issued; that the insured failed to advise defendant of the fact, and that the policy contains no mention of the mortgage. Defendant further alleged that the policy inhibits assignments unless consented to and approved by the company, and averred that the assignment to Bruins was without its knowledge and consent, and therefore void. The case on the issues thus joined went to trial to a jury, and the court, at the

close of the introduction of testimony, submitted but two questions to them for their determination, viz.: (1) Whether the assured gave notice and made proofs of loss to the company as required by the terms of the policy; and (2) did the company waive notice and proofs of loss? The jury returned a general verdict for plaintiff, upon which judgment was rendered, and defendant appeals.

I.   After the filing of the original answer, and before the case was called for trial, the defendant asked leave to file an amended and substituted answer, pleading more specifically some of the defenses set forth in the original answer, omitting others, and adding two additional grounds. The request was refused, and exception taken. The matter of allowing amendments to pleadings is so much a matter of legal discretion with the trial court that we will not interfere, in the absence of a showing of abuse of this discretion. Such showing is not made in this case.

II.   The court, as we have said, submitted to the jury the questions as to whether the defendant waived notice of the fire and proofs of loss. This was clearly error, for there was no pleading to justify it. The petition alleged the giving of notice and the making of proofs as required by the terms of the policy. Under these allegations the plaintiff could not prove waiver. This question is well settled by our own cases. See *Welsh v. Insurance Co.*, 71 Iowa, 337 (32 N. W. Rep. 369); *Eiseman v. Insurance Co.*, 74 Iowa, 11 (36 N. W. Rep. 780); *Heusinkveld v. Insurance Co.*, 95 Iowa, 504 (64 N. W. Rep. 594). The court was also in error in submitting the question as to whether notice was given and proofs of loss made, for the reason that there is no evidence of a compliance with the terms of the policy in reference to these matters. The only testimony with reference

to the making of proofs of loss is as follows: "Q. State if they sent shortly, or if any time thereafter they sent their agent there to investigate. A. Yes, sir; there was a man came up there the 25th of January. Mr. Hoffman was one of them, and there was another man with him. I don't recollect who he was. (Defendant moved to strike the answer out because the question called for the conclusion of the witness, and because it is incompetent, immaterial, and irrelevant. Overruled. Exception.) A. Yes, sir; it was this Mr. Hoffman I referred to a moment ago. The same Hoffman that took the insurance as agent. Q. State what directions, if any, he gave you in relation to making proof. (Objected to as incompetent, immaterial, and irrelevant.) By the court: Who is this,— Mr. Hoffman? Mr. Robey: Yes, sir; the agent of the company. By the court: The objection will be overruled. (Defendant excepts.) A. He said the building was gone, and there was nothing left there, and he told me to get a couple of carpenters, and get them to estimate what the building would cost at the present time to put it up, and put their value on the building, and what they thought it would be worth at the present time when the fire occurred. Yes, sir; I did this. They each made out a bill, and we sent that in to the company about a couple of weeks, may be longer, after the fire. I selected two carpenters, John Lynch and Henry Garretson. Q. You sent this proof, as directed by Mr. Hoffman, to the company? A. Yes, sir." Manifestly the forwarding of these bills made out by the carpenters did not amount to proofs of loss. See *Welch v. Insurance Co.*, *supra*. There was no competent testimony as to giving notice of the fire. One Thompson testified that he wrote a letter to defendant shortly after the fire, but the contents of the letter were not shown. The court

was in error in submitting these questions with reference to notice and proofs of the loss to the jury. Other questions are discussed by counsel, but, as they may not arise upon another trial, we will not determine them. For the errors pointed out, the judgment is *reversed*.