PAULINE ANDERS, ADMINISTRATRIX, V. LIFE INSURANCE
CLEARING COMPANY.

FILED SEPTEMBER 18, 1901.    No. 9,831.

Commissioner's opinion, Department No. 1.

1. **Provision in Insurance Policy Condition Precedent.** A provision in a life insurance policy as follows, "This policy shall not take effect until the first premium thereon shall have been paid to the company, or to some person authorized by the company to receive it, in accordance with the premium receipt accompanying the same, and while the insured is in good health as evidenced by the health certificates properly executed and furnished to the company," is a condition precedent, and before recovery can be had, insured must show compliance therewith or a waiver by the insurer.

2. **Condition Precedent: WAIVER MUST BE PLEADED AND PROVED: GENERAL DENIAL.** A party relying for recovery on a waiver of a condition precedent in a life insurance policy must plead and prove such waiver, or it will be unavailing; and proof thereof can not be received under a general denial.

3. **Directing of Verdict Proper.** Where the proof of plaintiff, admissible under the pleadings, is insufficient to entitle him to recover, an instruction directing the jury to find for the defendant will be upheld.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J.  *Affirmed.*

*Edward F. Pettis,* for plaintiff in error.

*Lambertson & Hall, contra.*

KIRKPATRICK, C.

This is an action brought in the district court of Lancaster county by Pauline Anders, administratrix of the estate of Adolph Anders, deceased, against the Life Insurance Clearing Association of St. Paul, Minnesota, to recover the sum of $1,000 on a policy of insurance on the life of Adolph Anders, which it was claimed was executed by the Life Insurance Clearing Association about a month

before the death of Anders. Trial was had to a jury in the district court, resulting in the district court instructing the jury to bring in a verdict for the defendant in error, the Life Insurance Clearing Company, on the ground that under the pleadings and evidence, plaintiff in error, plaintiff below, could not recover. To reverse this judgment, plaintiff in error has brought the case to this court. The facts in the case, briefly stated, are as follows: A. Von Pulaski, an insurance broker of Hastings, took the application of Adolph Anders for life insurance in the Union Life Insurance Company of Omaha in September, 1893. The application, together with the physician's certificate, was sent to the Omaha company, which appears to have rejected the application as a doubtful risk. The secretary of the Union Life Insurance Company forwarded the application, together with the physician's certificate, to the Life Insurance Clearing Company of St. Paul, which thereupon made out the policy sued upon in this action, sending it with a premium receipt for the first year's premium and two health certificates, one to be signed by Anders, and the other to be signed by the medical examiner of the Omaha company, to the secretary of the Union Life Insurance Company at Omaha. The policy, with the premium receipt and the health certificates, was sent to the agent of the Omaha company at Hastings, who turned over the policy and certificates to Pulaski, who, in turn, mailed the policy to Anders. The health certificates were not signed, nor was the premium receipt delivered to Anders, but was returned to the Omaha company, which returned it to the clearing company at St. Paul. There is a conflict in the testimony as to the payment of the premium by Anders; Pulaski, the broker, testifying that it was paid to him, and that he sent half of it to the clearing company and kept half as his commission; the clearing company, however, claiming that it never received any sum whatever on the premium. The policy, on October 7, 1893, was delivered to Anders, who died on October 29, 1893. The petition of plaintiff in error in the district court alleged execu-

tion and delivery of the policy sued upon, attaching a copy of the policy to the petition as an exhibit, and alleged generally the payment of the premium, and full compliance with the terms and conditions of the policy on the part of both plaintiff in error and her intestate. The answer of the clearing company consisted of both a general and special denial, and in addition set out the following as a defense: "Defendant further alleges that said policy of insurance described in plaintiff's petition contained this clause and provision: 'This policy shall not take effect until the first premium thereon shall have been paid to the company, or to some person authorized by the company to receive it, in accordance with the premium receipt accompanying the same, and while the insured is in good health, as evidenced by health certificates properly executed and furnished to the company.' Defendant alleges that if said policy of insurance came into the hands of the said Adolph Anders, it was without the knowledge or consent of the said defendant, and the said Adolph Anders did not pay the first premium to the company or to any person authorized by the company to receive it, in accordance with the premium receipt accompanying the same at the time the said policy came into his possession, or at any other time, and did not furnish to the defendant a health certificate showing that he was in good health at the time the policy came into his hands, or at any other time. Wherefore, the said policy, if it came into the possession of the said Adolph Anders, did not take effect, and was null and void, and the plaintiff is not entitled to recover thereon." To this answer of the insurance company plaintiff filed for reply a general denial.

The questions presented for consideration in this case are: First, are the matters set out in that portion of defendant's answer above quoted condition's precedent? and, second, were they waived by the company so as to make it liable on the policy? and, third, if they were waived, should plaintiff in error have been allowed to prove such waiver, not having by any pleading presented the question of

waiver as an issue in the case? We have very carefully examined all the authorities cited by both plaintiff in error and defendant in error, and in addition thereto many other authorities, and have reached the conclusion that the matters specially pleaded in the answer of defendant in error are conditions precedent. In view of the business transacted by defendant in error, the class of risks it accepted, etc., the conditions pleaded seem to be but reasonable. A large portion of the business transacted by defendant in error was that of writing risks rejected by other companies. In the case at bar plaintiff in error's intestate did not make an application to the defendant company, but the application was made to the Union Life Insurance Company of Omaha. After having been rejected by that company, it was by its officers forwarded to the Life Insurance Clearing Company, the defendant in error. Defendant in error accepted the risk, issued the policy, and transmitted it to the officers of the Omaha life insurance company, to be delivered to Adolph Anders upon his complying with the conditions precedent set out in the policy. One of these conditions was the payment of the premium. Another of these conditions was that the two health certificates accompanying the policy, one to be signed by Anders and the other by the physician who examined him, were to be filled out and delivered to the company at the time the policy was turned over to Anders, deceased. Considerable time had elapsed from the making out of the application to the Omaha life insurance company and the medical examination, to the time when the policy was in fact written up by the defendant in error. Defendant in error had a right to know that Anders was in as good health at the time the contract of insurance was to be finally consummated as he was at the date of the application which was the basis of the contract. This was a very important condition, in view of the character of the business of defendant company in writing risks rejected by other companies. It is probably true that Anders, deceased, did not know that the policy was accom-

panied by these two health certificates, yet, from the conditions contained in the policy which was wrongfully delivered to him, he was bound to take notice that the policy did not take effect until the payment of the first premium and the execution of the health certificates mentioned therein.

It will be noticed that the application originally made by Anders, deceased, a certified copy of which was used by the defendant company as a basis for writing the risk, contains a clause in the following language: "I do hereby agree that the foregoing answers and statements, and also those made to the company's medical examiner, are true and full, and are offered as a consideration of the policy contract, which shall not take effect until the first premium shall have been paid, during my life and good health." From this clause in the application signed by Anders, and the conditions of the policy pleaded by defendant in error, we are of the opinion that Anders, deceased, was bound to take notice that the policy did not take effect until he had paid the first premium and had furnished to the company some kind of certificate that he was in good health at the time he made such payment and received the policy. It is true, the evidence tends to show that he did in fact pay the first premium at the time he executed the application to the Omaha life insurance company. No part of this money ever reached the defendant, the Life Insurance Clearing Company. Yet there is no evidence tending to show that the health certificates were executed in accordance with the conditions of the policy, and it seems very clear that defendant in error had no knowledge that the policy had ever been delivered to deceased until it received notice of his death. The conditions precedent pleaded by defendant in error are conditions that might have been waived, and whether evidence of waiver under the pleadings was admissible will require consideration.

Section 128 of the Code of Civil Procedure is as follows: "In pleading the performance of conditions precedent in

a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance." Under this provision, the petition of plaintiff in error seems to have been sufficient, as she pleads the performance of all the conditions upon her part or that of her intestate to be performed. But it is clear that she can not recover in the case at bar by showing performance of all the conditions precedent. Under the condition of facts disclosed by the evidence she must recover, if at all, on the ground that defendant in error had waived the conditions precedent pleaded in its answer. It seems to be the rule of this court, firmly established and founded upon right reason, that a person relying upon a waiver of conditions precedent to the validity of a contract of any kind must properly plead such waiver in order to be entitled to introduce evidence tending to establish it. *Livesey v. Omaha Hotel Co.*, 5 Nebr., 50; *Quick v. Sachsse*, 31 Nebr., 312; *Phenix Ins. Co. v. Bachelder*, 32 Nebr., 490. In the case of *Eiseman v. Hawkeye Ins. Co.*, 74 Ia., 11, it was said: "If plaintiff, in an action upon a policy of fire insurance, relies upon a waiver by the company of conditions of the policy as an excuse for his failure to perform them, he must plead such waiver." Again, in the case of *Bernhard v. Washington Life Ins. Co.*, 40 Ia., 442, the court said: "In an action upon a policy of life insurance, the petition alleged the execution of the instrument for a due consideration, and the answer denied the payment of premiums, which, by the terms of the policy, worked a forfeiture. The court instructed the jury that they might inquire whether the company had waived the payment of the premiums: *Held*, that there was no issue raised by the pleadings which justified the instruction."

It is the policy of our Code of Civil Procedure that matters actually in controversy between the litigants shall be narrowed down within the least possible limits, so that the time of the court may not be taken up in the hearing

of evidence upon questions which are not decisive of the case. In the case at bar, plaintiff in error, having alleged full compliance with all the conditions upon her part and upon the part of her intestate to be complied with, can not be permitted on trial of the case to change materially the issues involved by saying that, while her intestate had not complied with the conditions, the defendant in error had waived them, and for that reason she was entitled to recover. While the evidence tending to establish waiver was slight, yet it was sufficient in our opinion to have required its submission to the jury; but the question of waiver not having been pleaded, there was no issue thereon which would properly have been submitted.

It follows, therefore, that the action of the district court in instructing the jury to find in favor of the defendant in error was right, and it is recommended that the judgment of the lower court be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SULLIVAN, J., absent, not voting.