Travelers' Life and Accident Ins. Co. of Hartford, Conn., *v.* Cash.

probably not reverse a case for that reason, but ordinarily would give opportunity to correct the omission. Moreover, no question is presented by the second error assigned because of the omission of the motion for a new trial from the transcript. Under the other authorities cited, the appeal should be dismissed for failure to join Seif George as an appellant in the assignment of errors.

The appeal is therefore dismissed.

Filed November 26, 1895.

---

No. 1,821.

## TRAVELERS' LIFE AND ACCIDENT INSURANCE COMPANY OF HARTFORD, CONN., *v.* CASH.

ACCIDENT INSURANCE.—*Manner of Paying Premiums.—Forfeiture.*—An accident insurance policy reciting that it is given in consideration of an order on a designated railroad company for the premiums payable from his wages for specified months, which did not become due until the middle of the following month, and providing that a just claim arising before the first premium is due shall be paid, is not forfeited by the insured leaving the employ of the railroad company with no wages due him, and being accidentally killed before re-entering its employ, on the third day of the first month named in the order.

FORFEITURE.—Forfeitures are not favored in law, and the law will not supply a cause of forfeiture not provided for.

From the Cass Circuit Court.

*Magee & Funk*, for appellant.

*D. H. Chase*, for appellee.

GAVIN, C. J.—The questions presented by this appeal arise on exceptions to the court's conclusions of law upon the special finding of facts.

On January 16, 1892, one George Kyle made application to appellant for an accident policy, to be dated January 20, 1892, and to take effect from that time. The policy was issued to him on January 16, but dated January 20, as desired.  For the payment of the premiums, Kyle executed to appellant an order on the Lake Erie and Western Railroad Company for $8.75, payable from his wages for each of the months of February, March, April and May, 1892.  The policy contained this clause : "Ninth.  The payments specified in the order are premiums for consecutive periods of two, three, and five months, and each shall apply only to its corresponding insurance period.  All claims for injuries effected during any period for which its respective premiums have not been actually paid shall be forfeited to the company, except that in case of just claim *before the first* premium is due, if the sum due the insured is less than the sum of all the payments called for by the order, it shall be credited thereon, if greater, the order shall be receipted in full, and the balance paid to the insured."

The policy recited that it was issued "in consideration of warranties in application for this policy, and of an order for moneys [therein specified] on Lake Erie and Western Railroad Company," but the finding states "that the payments of money out of wages to be earned in the future by the said Geo. G. Kyle, in the employment of the Lake Erie and Western Railroad Company, as provided in said order, was the sole consideration for the execution and delivery, by the defendant, of the policy of insurance sued on."

On January 19, one day before the policy was to become effective, but after its delivery, Kyle quit the service of the Lake Erie and Western Railroad Company and entered the service of another company, draw-

ing all wages due him from the Lake Erie and Western Company. On February 3, 1892, he was accidentally killed, without having been again employed by the Lake Erie and Western Company, and with no wages due him from it.

The appellee is the beneficiary named in the policy. The February wages would not have been due until March 18th. Before that time the beneficiary tendered the amount of the first payment, but it was refused by appellant.

The position of appellant's counsel is, that since the sole consideration for the policy was the payment of the premium out of his wages earned from the Lake Erie and Western Company, and there were no such wages at the time of his death, the consideration failed, and the policy was defeated; that the effect of the contract was that Kyle should continue in the service of the Lake Erie and Western Company, and earn wages, out of which the premiums should be paid, and that he violated his contract.

In the light of all the provisions of the policy, this view cannot be sustained. There is no express provision of forfeiture in case Kyle should quit the Lake Erie and Western Company's service, and no express requirement that he should continue to work for that company, while there is direct and explicit provision that in the event of injury before the first payment should become due, the amount of the order should be taken from the sum due under the policy. The contingency thus anticipated is just what occurred, and the course laid down in the policy to be pursued upon its happening is just what was adjudged by the trial court.

By the delivery of the policy and by the acceptance of the order, and, in truth, by the very terms of the policy, the appellant waived immediate payment. The

policy, therefore, was valid and binding, unless forfeited by the deceased's subsequent conduct.

Forfeitures are not favored in law, and it is not the policy of the law to supply by inference a cause of forfeiture which the company has not seen fit to express in its policy. *Franklin Life Ins. Co.* v. *Wallace, Admr.*, 93 Ind. 7; *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106.

The case of *Kline* v. *National Benefit Association*, 111 Ind. 462, lays down the law much more stringently against appellant than we are called upon to do here. There an order was given for the payment of the premium, and its payment refused because it was countermanded by the insured. Among other things the court said: "The clause in the order which reads thus, 'I hereby authorize said association to deduct from moneys due on account of injuries, any indebtedness there may be against my certificate,' is inconsistent with the theory that the existence of an indebtedness forfeited the policy."

The case of *Landis* v. *Standard Life Ins. Co.*, 6 Ind. App. 502, differs widely in its facts from this. There the insured had himself drawn the wages earned, and the orders had been presented and refused, and the policy was forfeited by its express terms.

Were we to construe the finding regarding the consideration as strictly and literally as appellant's counsel claim, and hold that if the deceased had lived, the contract could only have been satisfied by payment out of his wages, we would still be unable to say that there was a failure and a forfeiture, because only three days of the month of February had passed when the accident occurred. Had he lived, he might have re-entered the employ of the Lake Erie and Western Company, and

have earned wages in February sufficient to pay the order.

We are well satisfied that under the terms of this policy there was neither failure of consideration nor any forfeiture of the policy. According to its plainly written provisions, the beneficiary was entitled to recover.

Judgment affirmed.

Filed November 26, 1895.