## UNION GUARANTY & TRUST CO. v. ROBINSON.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

No. 855.

1. BONDS—SIGNATURE OF CORPORATION.
It makes no difference in what form an obligor signs a bond, if it appears that the purpose was to bind himself. And where the name of a corporation, the principal in a bond, appeared in full in the body of the bond, and its seal was impressed opposite the attestation clause, between the obligatory part and the condition, and at the close of the whole instrument the names of the president and secretary were signed, this being its customary method of executing sealed instruments, it is binding; and the surety cannot complain that the bond was not executed by the principal, especially where it recognized the signature as sufficient by signing right below it.

2. INSURANCE—INDEMNITY BOND—ACTION BY BENEFICIARY.
Under Sand. & H. Dig. Ark. § 4133, a bond executed by an insurance company to indemnify policy holders, though by its terms made to the state of Arkansas, is for the use and benefit of the beneficiaries in the policies of insurance issued in that state, and any such beneficiary can maintain an action for breach of the condition of the bond.

3. AGENTS—HARMLESS ERROR.
The authority of an agent cannot be shown by proof of his admissions, but such proof is not prejudicial where the agency in question is abundantly proved in other ways.

4. PRINCIPAL AND SURETY—EFFECT OF JUDGMENT AGAINST PRINCIPAL.
A judgment against an insurance company on a policy of insurance is, if not collusive, prima facie evidence against the surety in a bond executed by the company to indemnify policy holders.

5. INSURANCE—BOND TO INDEMNIFY POLICY HOLDERS—MEASURE OF DAMAGES.
Where the plaintiff in a judgment against an insurance company upon a policy of insurance sues on a bond executed by the company to indemnify policy holders, the proper measure of damages is the amount of the judgment, including the costs, and interest thereon.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

This was an action at law brought by Minnie Robinson against the Union Guaranty & Trust Company upon a bond executed by the United States Mutual Accident Association as principal, and the Union Guaranty & Trust Company as surety. In accordance with the verdict of a jury, judgment was entered for plaintiff, and defendant brought this writ of error.

On May 30, 1891, the United States Mutual Accident Association of the City of New York, by its policy of that date, under its seal, and signed by Charles B. Peet, president, and James R. Pitcher, secretary, of said association, in consideration of the membership fee and the warranties and agreements contained in his application for membership, accepted Emile O. Moore, of Helena, in the state of Arkansas, and insured him against personal bodily injuries from external, violent, and accidental means, subject to conditions attached to said policy, at specified rates as to the described injuries; and in case of death from such injuries alone, and within 90 days, said association agreed to pay $5,000 to beneficiaries named in said policy. Said Emile O. Moore died at Helena, Ark., February 16, 1893, and the defendant in error here, claiming that she had been substituted as the beneficiary under said policy in case of the death of the assured, and that the assured came to his death by external, violent, and accidental means, commenced an action upon said policy against said United States Mutual Accident Association in the United States circuit court for the Eastern district of Missouri, in which action said association duly appeared and answered; and such proceedings were

duly had therein that upon the trial of such action, and on the 20th day of May, 1895, the said Minnie Robinson duly recovered judgment in said circuit court against the United States Mutual Accident Association of New York aforesaid for her damages, $5,379.16, and costs, taxed at $216.52. 68 Fed. 825. To enable the said United States Mutual Accident Association to transact any business in the state of Arkansas, and in compliance with the statutory enactment of that state, the said United States Mutual Accident Association, as principal, and the Union Guaranty & Trust Company, the plaintiff in error here, as surety, on the 4th day of June, 1893, executed their joint bond, whereby they became bound to the state of Arkansas in the sum of $20,000, reciting that the said Mutual Accident Association proposed to transact the business of accident insurance in that state for one year from that date, and conditioned that it should promptly pay all claims arising and accruing to any person or persons during said term by virtue of any policy issued by the company, when the same should become due. Said bond was approved and filed with the auditor of said state of Arkansas. The said Mutual Accident Association failing to pay said judgment, the defendant in error commenced this action against the plaintiff in error, as surety upon said bond; and upon the trial, and in accordance with the verdict of the jury, judgment was rendered in favor of the defendant in error for the amount of said former judgment, interest, and costs.

John McClure, John W. Blackwood, and John E. Williams, for plaintiffs in error.

George H. Sanders, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

1. The certified copy of the bond sued upon was properly admitted in evidence. Sand. & H. Dig. Ark. § 2881.

2. The execution of the bond by the surety, the plaintiff in error, was not disputed; but it was claimed that the bond was not executed by the principal, the United States Mutual Accident Association, and was therefore incomplete and not binding upon the surety. The claim of the plaintiff in error is that it could only have been executed by the principal by signing its corporate name at the foot of the bond. This is not true. It makes no difference in what form an obligor signs a bond, provided it appears that the purpose was to bind himself. Hinsaman v. Hinsaman, 7 Jones (N. C.) 510. Here the name of the principal, as well as that of the surety, was written in full in the body of the bond, and the seal of the principal was impressed opposite the attestation clause, between the obligatory part and the condition. At the close of the whole instrument it was signed: "Charles B. Peet, President. James R. Pitcher, Secretary." Right under these the corporate name of the plaintiff in error was signed: "By E. B. Leigh, President. L. W. Coy, Secretary,"—and the seal of the plaintiff in error is impressed opposite its signature. Each of these methods of execution is in customary use, and each is as binding as the other. That the principal followed in this case its customary method of executing sealed instruments is shown by comparison with its policy. which was executed in the same manner. It was not, like the instances cited by the plaintiff in error, a case where one signs a bond as surety, which is never signed by other

parties named in the body of the bond, and therefore appears on its face to be incomplete. Here the surety cannot claim that it expected the bond to be signed by the principal after being signed by the surety; for here the bond was signed by the principal before being signed by the surety, and the surety recognized such signing as sufficient by signing right below it.

3. The exemplification of the record of the judgment in favor of Minnie Robinson against the United States Mutual Accident Association was sufficient and properly certified.

4. Although the bond upon which the action was brought was, by its terms, made to the state of Arkansas, it was required and made for the use and benefit of the beneficiaries in the policies of insurance issued in that state, and any such beneficiary could maintain an action for breach of the condition of the bond. Such right of action in the beneficiary was expressly given by the act of March 26, 1887. Sand. & H. Dig. § 4133. Some of the provisions of this act were changed by the later acts of March 6, 1891, and March 24, 1893. Sand. & H. Dig. § 4124. But the provision above referred to in the earlier act was left untouched, and still remains.

5. The testimony of the witness Sanders to the effect that Charles B. Peet was the president and James R. Pitcher the secretary of the United States Mutual Accident Association, based upon their admissions of such facts in written correspondence, was incompetent; and its admission, against the objections of the plaintiff in error, was erroneous. The authority of an agent cannot be shown by proof of his admissions, and, besides, no foundation was laid to admit oral evidence of the contents of the writings, had the writings been competent. But the plaintiff in error was not prejudiced by the admission of this testimony, as the official character of Peet and Pitcher was abundantly proven by the policy of insurance, and by the recognition of their official character by the plaintiff in error in the execution with them of the bond sued upon.

6. The plaintiff below was not called upon to again establish on this trial her right to recover against the insurance company upon the policy. That right had been established by her judgment in her action against the insurance company; and such judgment against the principal upon the bond, not shown to have been collusive, was competent and sufficient evidence against the surety. In City of Lowell v. Parker, 10 Metc. (Mass.) 309, Chief Justice Shaw says:

"But it is objected that this judgment was not admissible, because the sureties were not notified, and therefore it was res inter alios. But we think this objection cannot be supported, under the circumstances of this case. When one is responsible, by force of law or by contract, for the faithful performance of the duty of another, a judgment against that other for a failure in the performance of such duty, if not collusive, is prima facie evidence in a suit against the party so responsible for that other. If it can be made to appear that such judgment was obtained by fraud or collusion, it will be wholly set aside; but otherwise it is prima facie evidence, to stand until impeached or controlled, in whole or in part, by countervailing proof."

This exposition of the law has been adopted without dissent by courts and text writers, and covers this case. Here there was no evidence tending to show collusion, or to in any way impeach such

former judgment, or to disprove any of the matters determined by that judgment.

7. The court properly instructed the jury that under the evidence in the case the plaintiff below was entitled to recover from the defendant below the amount of the judgment aforesaid, which she had recovered against the United States Mutual Accident Association, including the costs and interest upon the same. This was the proper measure of the actual damages sustained by her because of the breach of the condition of said bond. There was no material error in the trial of the cause, and the judgment is affirmed.