(34 Misc. Rep. 738.)

## HEWITT v. AMERICAN UNION LIFE INS. CO.

(Supreme Court, Trial Term, Rensselaer County. April, 1901.)

INSURANCE—PAYMENT OF PREMIUMS—WAIVER.
    A general agent of a department of a life insurance company issued a policy to its medical examiner, the agent to advance the first premium, which was to be repaid to him by the examiner from his future fees. The examiner died without having paid such premium. Held, that the beneficiary could recover, though the policy provided that no person except certain officers of the company, not including such agent, could give credit, the act of the agent being a waiver of such provision.

Action by Mary E. Hewitt against the American Union Life Insurance Company. Judgment for plaintiff.

George E. & H. J. Greene, for plaintiff.
Edward S. Savage, for defendant.

CHESTER, J. The trial of this action was begun before Mr. Justice Chase and a jury. At the close of the evidence he took the case from the jury, and reserved decision. Before deciding the case, he was assigned to the appellate division. Because of that fact the parties have stipulated that the case shall be determined by me. The action is one upon an insurance policy issued December 30, 1898, by the defendant, upon the life of the plaintiff's husband, Dr. Clifford Hewitt, for her benefit. It was applied for through Levi Hoag, general agent or manager for the state of New York of a special department of the defendant known as the "total abstinence department." The application, which was made a part of the contract, contained a provision "that any policy issued hereon shall not go into effect until the first premium has been actually paid during the lifetime and good health of the insured." Some time before the application was made, the insured, who was a physician, had been appointed medical examiner for his locality for the defendant. The policy was sent by Hoag to Dr. Hewitt, by mail, soon after it was issued. Under the terms of the policy the premium was payable in semiannual installments of $23.29. The agent's commission was 65 per cent. of the premium for the first year. Dr. Hewitt died on the 18th day of February, 1899, without having paid the first premium. After his death, and before commencing the action, the amount of this premium was tendered to the defendant's agent, and he refused to receive it. The plaintiff alleges in her complaint that the policy was delivered to her husband upon the understanding and agreement between him and Hoag, the agent, that the latter should advance the first premium, and that Dr. Hewitt was to reimburse him or the defendant from the fees that he should receive as medical examiner for the company,—in other words, that he was in that way to be given a credit for his first premium; and Hoag has testified, in substance, that it was on that understanding that the doctor gave him the application, and on which the policy was delivered to him. In its report to the insurance department, as required by law, the defendant, under date of January 4, 1899, included this policy as one in force on the 31st day of December, 1898. The defendant cites Poste v. Insurance Co., 32 App. Div. 189, 52 N. Y. Supp. 910, affirmed in 165 N. Y. 631, 59 N. E. 1129, in support of its defense. That was a case against the same defendant upon a policy in terms substantially like the one here, and the judgment was for the defendant. There, as here, the insured died before the payment of his premium. It was alleged there that the insured was an attorney and counselor at law, and as such was employed by the defendant in doing its legal business, and so continued until his death; that it was agreed between him and the defendant that he need not pay the premium in advance, but might pay the same at some future time; that meantime the policy should be in full force; and that he accepted the policy upon such agreement, and for that reason he deferred payment in advance. The answer denied this. On the trial the plaintiff failed to prove such agreement, and it was held by the appellate division, in affirming the judgment dismissing the complaint, that, because of the nonpayment of the first premium in accordance

with the terms of the policy, it could not be enforced. But, after coming to that conclusion, the court said: "Of course, there might be facts estopping the company from insisting upon the condition of prepayment, but the allegations of the complaint tending in that direction were not proved." Here, as has been above indicated, facts were alleged in the complaint, and proof was given in support of such allegations, which justify the conclusion that the company is estopped from insisting upon the condition of prepayment; or, rather, that such condition, under the circumstances presented here, has been waived. The agent had the power, by his acts, to effectuate a waiver of the condition, notwithstanding the provision in the policy that "no person had the power to give credits, except the president, vice president, comptroller, or secretary of the company; and they only in writing." The act of the agent in making the agreement which he did with the insured, and under which the policy was delivered to him, was effective, in my opinion, under the authorities, to give him credit for this premium, and to constitute a waiver of the provision for its advance payment. Skinner v. Norman, 165 N. Y. 565–569, 59 N. E. 309; Van Schoick v. Insurance Co., 68 N. Y. 434, 439; Stewart v. Insurance Co., 155 N. Y. 257, 49 N. E. 876; Insurance Co. v. Schlink, 175 Ill. 284, 51 N. E. 795; 1 May, Ins. (3d Ed.) § 135, note 2; 16 Am. & Eng. Enc. Law (2d Ed.) 942. I think the plaintiff is entitled to judgment for the amount of the policy, less the amount of the first premium, with interest from the date of the receipt by defendant of proofs of death, besides costs.

Judgment for plaintiff, with costs.