[No. 5322.]
[No. 2960 C. A.]

THE NATIONAL MUTUAL FIRE INSURANCE COMPANY v. SPRAGUE ET AL.

1. **Practice in Civil Actions—Insurance—Delivery of Policy— Question for Jury.**

In an action on an insurance policy where the company denies the delivery of the policy, such question is one for the jury under proper instructions.—P. 347.

2. **Same—Evidence—Sufficiency.**

In an action on an insurance policy where the company denied the delivery of the policy, evidence reviewed and held amply sufficient to support the jury's finding that it was delivered.—P. 347.

3. **Insurance—Statements in Policy—Payment of Premium— Possession of Policy—Presumptions.**

The statement in an insurance policy that, in consideration of the stipulations therein named and a specified sum, the company does insure, etc., imports the payment of such premium

prior to the delivery of the policy as the consideration for the delivery thereof to the insured; and possession of the policy is presumption that it was duly delivered by the company.—P. 349.

4. **Practice in Civil Actions—Insurance—Action on Policy—Pleading and Proof.**

In an action on an insurance policy, where the plaintiff alleges the contract of insurance, the happening of the contingency whereby the insurance company became liable, and the amount of indemnity to which he is entitled, the company cannot under a general denial prove nonpayment of premium.—P. 350.

5. **Same.**

In an action on an insurance policy, where defendant does not plead failure to pay the premium, plaintiff is not bound to specially plead the waiver of payment by defendant.—P. 350.

6. **Same—Evidence—Timely Objections—Waiver.**

In an action on an insurance policy, plaintiffs introduced evidence of the payment of an assessable note given for the premium of the policy sued on, and defendant introduced evidence that such note had not been given by plaintiffs and that no policies were ever delivered unless such note was on file in defendant's office, and that it did not deliver the policy through its agent, and neither party objected to such evidence although failure to pay such note was not alleged in the answer nor waiver thereof in the complaint. Held, that the failure to allege nonpayment or a waiver thereof was waived by the introduction of such evidence by both parties, and defendant's objection to rebuttal evidence, that other policies were delivered to residents of that vicinity without assessable notes being given by insured, on the ground that it was not pleaded in the complaint, was properly overruled.—P. 351.

7. **Same—Instructions—Applicability.**

As a general proposition, instructions should be based upon the pleadings and the evidence, but where parties manifestly waive the necessity of any particular pleadings and introduce evidence in their own behalf regardless of the pleadings, without objection that the same is incompetent, the court may properly instruct the jury in relation to the whole field of inquiry covered by the evidence.—P. 352.

8. **Insurance—Agents—Authority to Waive Prepayment of Premium.**

Where the agent of an insurance company had authority to deliver policies, to solicit applications, to collect the premiums thereon, and was the person with whom the insured transacted all their business, his waiver of the payment of the premium

required by the terms of the policy as a condition precedent to its taking effect, will bind the company.—P. 352.

**9.    Same—Prepayment of Premium—Waiver.**

The delivery of an insurance policy without requiring prepayment of the premium waives such prepayment as a requisite of the contract's taking effect, though the policy contains a condition making payment of the premium a condition precedent to the attaching of the insurer's liability.—P. 353.

**10.    Same—Evidence—Sufficiency.**

In an action on an insurance policy, evidence reviewed and held sufficient to support a verdict for plaintiff.—P. 353.

**11.    Insurance—Proof of Loss—Waiver.**

Where an insurance company refuses to pay a loss on the ground that there was no delivery of the policy and no payment of the premium or execution of an assessable note required in lieu thereof, it thereby waives its right to demand proof of loss. —P. 353.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Booth M. Malone, Judge.*

Action by Freedom Sprague and Frank N. Sprague against The National Fire Insurance Company to recover on an insurance policy. From a judgment for plaintiffs, defendant appeals.

*Affirmed.*

Mr. JOHN H. GABRIEL, Mr. CLAY B. WHITFORD, and Mr. HENRY E. MAY, for appellant.

Messrs. MORRISON & DE SOTO, for appellees.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Action upon insurance policy by appellees, as plaintiffs below, against appellant. The complaint alleges in substance that defendant in September, 1901, for a valuable consideration, made and executed and at about the same time, by W. D. Kelsey its agent in Phillips county, delivered its policy of insurance, in writing, insuring plaintiffs in the sum

of two thousand dollars ($2,000.00) on their dwelling house, furniture, etc.; that the policy was destroyed by the fire that destroyed the property; that the plaintiffs and each of them duly performed all the conditions of the policy on their part to be performed; that the property was on April 4, 1902, totally destroyed by fire; that there was furnished defendants proofs of loss; that the loss was two thousand dollars; that they had demanded payment for such loss and defendant refused to pay same or any part thereof.

The answer of defendant admits that it is now and at all times mentioned in the complaint was a corporation duly organized under the laws of Colorado, and denies each and every other allegation of the complaint.

Trial to a jury.   There was a verdict and judgment for plaintiffs in the sum of two thousand one hundred and twenty-one dollars and seventy-six cents ($2,121.76), and defendant comes to this court on appeal.

There are fifty assignments of error.   We do not deem it necessary to pass specifically upon each one.   The general statement of the law governing in this case will sufficiently dispose of all of them.

The first and one of the principal questions raised is: Was there a delivery of the policy? Whether there has been a delivery at all is a question for the jury under proper instructions.—*Smith v. Life Assur. Soc. of N. Y.,* 65 Fed. 765; *Snyder v. Ins. Co.,* 202 Pa. 161.

The evidence upon the question of delivery was conflicting.   The secretary of the defendant company testified that the policy was made out and registered in his office but that he instructed the clerk not to deliver it.   He further says: "It might be possible that we would send a policy and say de-

liver these policies and get the obligation slip, but I
hardly think we did,'' and again, ''we would not
have sent the Sprague policy to our agent for de-
livery without having that obligation slip.''   Mr.
Kelsey, the local agent at Holyoke in Phillips county,
testified in the first instance as to the delivery of the
policy, ''I don't remember of receiving a policy of
the National Mutual for the Spragues—I could not
say now positively because I want to be right about
the matter.   I did not say positively whether I ever
did or not.   I don't remember of it and I don't think
that I did   *   *   *   but still I might have.   Now
I don't want to say.''   He also testified that he did
not deliver it, and there was other testimony to the
effect that it would not have been delivered without
receiving the obligation slip or assessable note for
the premium.

The plaintiffs both swore positively that the
National Mutual policy was delivered to them by
Mr. Kelsey.   The elder Sprague was not sure
whether he signed the obligation slip or not, it was
his recollection he did.   It was further testified by
them that the policy read in consideration of thirty-
six dollars ($36.00), this being the amount of the
assessable note or premium claimed by defendant
not to have been paid.   It was further shown that
there was a loss by fire and that the amount of loss
was unpaid.   It was alleged and proven that the
policy was destroyed by fire.   A blank form of policy
was introduced in evidence containing the same con-
ditions as the destroyed policy.   Applying the evi-
dence to supply the blank spaces in the policy, a
portion of it was made to read as follows:   ''The
National Mutual Fire Insurance Company of Den-
ver, Colorado, in consideration of the stipulations
herein named and thirty-six dollars ($36.00) pre-
mium does insure, etc.''

The jury by its verdict found as a fact that the policy was delivered and necessarily that it was delivered under the condition above described, and there not only was sufficient evidence to support the verdict, but we think the preponderance of evidence clearly supported the claim of delivery.

This case was thus brought squarely under the rule laid down in *Ins. Co. v. Friedenthal*, 1 Colo. App. 5, 9, holding that such language imports the payment prior to the delivery as the consideration for the delivery of the contract to the insured. The proof had the effect of leaving the plaintiffs in the same position as though the policy had been in their possession after the fire, and such possession is presumption that the policy was duly delivered by the insurance company.—*Benefit Life Assn. v. Sibley*, 158 Ill. 411; *Thum v. Wolstenholme*, 21 Utah 446; 61 Pac. 537; *Jones v. Ins. Co.*, 168 Mass. 245.

Another question upon which appellant strongly relies is that a certain assessable note, so-called, was not given by the insurer, and that no liability attached to the company because it was provided by the terms of the contract that such liability should not attach until the note was given; and in this connection it alleges its objection to certain evidence introduced on the part of the plaintiffs below and to the instructions of the court concerning what it calls a waiver of such note without any plea of waiver in the complaint; and further alleges that there could be no waiver by an agent or officer of the company, and only by the company itself.

Referring to the pleadings, the defendant would not have been permitted, upon proper objections, to introduce any evidence concerning the nonpayment of the premium or the failure to give the assessable note—so-called. It was stated in *Ins. Co. v. Friedenthal, supra,* that "when the policy was delivered it

became operative and it could only be impeached by showing that it was improperly or fraudulently obtained by the insured in such manner as to negative the fact of the legal and voluntary delivery of the policy by the appellant. When delivered and operative, all that was necessary primarily was to allege the contract of insurance, the happening of the contingency whereby the insurer became liable to pay by reason of the contract, and the amount of indemnity to which the insured was entitled. Anything impeaching the validity of the contract should have been *alleged* by way of defense."—*Phoenix Ins. Co. v. Hager,* 34 S. W. 654, and cases cited. The defendant was not entitled to prove nonpayment of premium under a general denial.—*Ins. Co. v. Friedenthal, supra; Ass. v. Worthing,* 59 Neb. 587, 81 N. W. 620.

It is unnecessary to the determination of the questions presented to discuss at length the many decisions which have been rendered upon the force and effect of the recitals in this policy. Following the rule of our own court in the case of *Ins. Co. v. Friedenthal,* it is sufficient to say that the recitals of the policy and its possession are at least *prima facie* evidence that the premium was paid or that the assessable note was given. Had the defendant chosen to allege that the policy was obtained improperly or fraudulently, or that the premium had not been paid, then it would have been obligatory upon the plaintiffs to specially plead the waiver, if they were intending to rely upon such waiver, and for the reason that the waiver must be pleaded as new matter by way of confession and avoidance.—*Eiseman v. Ins. Co.,* 36 N. W. 780; *Bernhard v. Ins. Co.,* 40 Iowa 442. But the defendant did not plead the failure to pay the premium and the plaintiffs were not bound to specially plead the waiver.

In the introduction of evidence there was some testimony by the plaintiffs concerning the payment of this assessable note and without objections. The defendant in presenting its testimony gave considerable evidence, which was not objected to, that the assessable note or obligation slip had not been given by the plaintiffs, and, further, that no policies were ever delivered unless the assessable note—or, as it is sometimes called, obligation slip—had been received and was on file in the company's office at Denver, and further testified that it did not deliver this policy through its agent Kelsey at Holyoke.

To controvert this statement and in rebuttal, the plaintiffs showed that like policies were delivered through the agent Kelsey, and without the obligation slips signed by insured, and that he had delivered other policies in The National Mutual Company to residents of Phillips county in the vicinity of Holyoke. For the first time objection was made to the introduction of any evidence concerning the waiver of the premium because the same was not pleaded in the *complaint*. These objections were properly overruled for the reason that the defendant had done much in the introduction of this evidence to tender these issues regardless of the pleadings, and, as it was received prior to the rebuttal, without objections, by both parties, the failure to allege nonpayment or a waiver must be deemed to have been waived, by both.

We do not think the defendant is in position to object to either the introduction of the evidence or the instructions. The first failure to plead properly, occurs in defendant's answer. By its denial it precluded itself from making any defense under the circumstances of this case excepting upon the question of the delivery of the policy. The evidence was admissible to contradict the statements of the de-

fendant's witnesses and to show the character of
Kelsey's agency in that locality. We fully agree
·with the contention of appellant as a general prop-
osition, that the instructions should be based upon
the pleadings and the evidence, but when appellant
has manifestly waived the necessity of any partic-
ular pleadings and introduced evidence in its own
behalf regardless of the pleadings, and in fact with-
out any pleadings, without objection that the same
was incompetent, the court may then properly in-
struct the jury in relation to the whole field of in-
quiry covered by the evidence.—11 Enc. of Pleading
& Practice 165, 166, and many cases cited. We
think it was a case where the issues were mutually
disregarded up to the time of the rebuttal testimony.

Holding that under the circumstances of this
case the instructions were properly given, we find
that they were much more favorable to the defendant
than to the plaintiffs, and the burden was, by such in-
structions, placed upon plaintiffs to prove not only
all the allegations of the complaint, but any waiver
relied upon, to the satisfaction of the jury. We are
further of the opinion that if a waiver was relied
upon, whether pleaded or not, there was sufficient
evidence to sustain it and to show that Kelsey was
such an agent that a waiver by him would bind the
company. He manifestly had the right to deliver
policies, to solicit applications, to collect the pre-
miums thereon, and it appears by the evidence that
he represented the company in every respect so far
as the plaintiffs were concerned, and that they did
all their business with him. At least he was such
an agent as could waive conditions precedent and
thereby bind the company regardless of the recitals
in the policy.—*Ins. Co. v. Schlink,* 175 Ill. 284, 51
N. E. 795; *Hewitt v. Ins. Co.,* 70 N. Y. Supp. 1012;
*Miller v. Ins. Co.,* 17 Fed. Cas. 312. There can no

longer be any question that the delivery of a policy without requiring prepayment of the premium waives such prepayment as a requisite of the contract's taking effect, though the policy contains a condition making payment of the premium a condition precedent to the attaching of insurer's liability.—*Ins. Co. v. Schulz,* 94 Ill. App. 156; *Ins. Co. v. Muller,* 110 Ill. App. 190; *Ins. Co. v. Cash,* 14 Ind. App. 3; *Taylor v. Col. League,* 97 N. W. 680; *N. Y. Life v. Stone,* 42 Miss. App. 383; *Ins. Co. v. Parker,* 66 Neb. 395; *Wood v. Ins. Co.,* 32 N. Y. 619.

We are not holding that there was a waiver in this case, or that it was necessary for the plaintiffs to prove waiver to support the verdict. There was some testimony to the effect that the assessable note had been signed and the defendant testified positively that the plaintiffs could not have had the policy in their possession without executing an assessable note. There was also testimony in rebuttal to the effect that the agent Kelsey had said he had fixed all papers of plaintiffs himself and that their insurance was all right. There was sufficient evidence in this respect upon which the jury might have rested their verdict, regardless of any waiver.

Appellant further says the contract of insurance was not complied with on account of the failure of the plaintiffs to furnish proof of loss. It is clear that the plaintiffs attempted to furnish such proof through the agent Kelsey, but having no blanks he wrote to the company for same for the purpose of furnishing the proof in the form required. But the company refused to pay the insurance upon the ground that there was no delivery of the policy and no payment of the premium or execution of the assessable note, and this was a waiver of the rights to demand proofs of loss.—*Ins. Co. v. Smith,* 3 Colo. 422; *Ins. Co. v. Manning,* 3 Colo. 224; *Lambkin v.*

*Ins. Co.,* 11 Colo. App. 249-253; *Ins. Co. v. Allis Co.,* 11 Colo. App. 264-276.

Perceiving no errors in the record which can be considered prejudicial to appellant, the judgment is affirmed.          .          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.