BOARD OF COM'RS OF MUDDY BOTTOM SWAMP LAND DIST. NO. 1, TIPPAH COUNTY, MISS., v. EQUITABLE SURETY CO.

(Circuit Court of Appeals, Fifth Circuit.    December 18, 1917.    Rehearing Denied January 24, 1918.)

No. 3139.

1. APPEAL AND ERROR ☞1099(8)—REVIEW—LAW OF CASE.
    The reversal on writ of error of a judgment for defendant, on the ground that the refusal of requested instructions submitting issues of defense was erroneous, does not on retrial warrant the direction of a verdict for defendant; the defenses not being established by the uncontroverted evidence.

2. TRIAL ☞140(1)—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.
    The credibility of a witness is a question for the jury.

3. PRINCIPAL AND SURETY ☞162(2)—ACTIONS—EVIDENCE—JURY QUESTION.
    In an action on a contractors' bond, the question whether the surety was induced to become such by defendant's misrepresentations as to the amount the contractors were to be paid held for the jury.

4. PRINCIPAL AND SURETY ☞162(2)—ACTIONS—EVIDENCE—JURY QUESTION.
    In an action on a contractors' bond, the question whether the losses for which the surety was sought to be made responsible resulted from plaintiff paying to the defaulting contractors amounts which the contract did not authorize it to pay held for the jury.

In Error to the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Action by the Board of Commissioners of Muddy Bottom Swamp Land District, No. 1, Tippah County, Miss., against the Equitable Surety Company. There was a judgment for defendant, and plaintiff brings error. Reversed.

See, also, 231 Fed. 33, 145 C. C. A. 221.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thomas E. Pegram, of Ripley, Miss., Lester G. Fant, of Holly Springs, Miss., and Wm. M. Hall, of Memphis, Tenn., for plaintiff in error.

C. L. Sivley, of Memphis, Tenn. (Sivley & Evans, of Memphis, Tenn., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

WALKER, Circuit Judge. [1] This case was formerly before this court on a writ of error sued out by the defendant to obtain a review of a judgment in favor of the plaintiff. Equitable Surety Co. v. Board of Commissioners, 231 Fed. 33, 145 C. C. A. 221. The pending writ of error presents for review a judgment in favor of the defendant, rendered on a verdict which the court directed. What is now complained of is the giving of the instruction just mentioned. The action of this court on the former writ of error was based upon the trial court's refusal in the first trial to give some of the instructions which had been requested by the defendant. The effect of those instructions was to submit to the jury evidence tending to support special defenses set up by the defendant to the claim asserted by the declaration based upon alleged breaches of the bonds or contracts sued on, one a $5,000 bond and the other a $2,500 bond, whereby the defendant became the surety of contractors for the performance of work contracted to be done for the plaintiff. The special defenses relied on were, in substance: (1) That the defendant was induced to become the surety of the contractors by the plaintiff's false representation that the contractors were to be paid $19,500 for the work they were to do, the fact being that the work was to be done for $18,000; (2) that the losses for which the defendant was sought to be made responsible resulted from the plaintiff paying to the defaulting contractors amounts which the contract did not authorize it to pay, and the payment of which was not contemplated; and (3) that the making by the defendant of the $2,500 bond sued on was induced by a false representation authorized by the plaintiff and for which it was responsible.

Nothing stated in the opinion rendered when this case was here before indicates that the view was entertained that the two first mentioned defenses were sustained by undisputed evidence. The reversal of the judgment was not based upon the ground that the refusal of the defendant's request for an instructed verdict was erroneous. The holding was that the evidence adduced on the first trial to support the special defenses mentioned should have been submitted to the jury, pursuant to the defendant's requests to that end. It was conceded in argument that in the trial now under review the third above mentioned defense was not established by uncontroverted evidence. Plainly the giving of the instruction for a verdict for the defendant was not justifiable on the ground that that defense was so made out as to require a finding for the defendant. The issues raised, including those tendered by the defendant, were for the determination of the jury, unless one of the two first above mentioned defenses was sustained by practically uncontroverted evidence.

[2, 3] What was said in the opinion rendered when the case was here before makes it quite plain that it was then recognized that it was requisite, for the first mentioned defense to be sustained, that it be shown, not only that the alleged representation was false, but also that it was made at the instance or with the knowledge of the defendant. Under evidence adduced on the trial now under review, it was permissible to find that the defendant was free of any responsibility for the only representation in regard to the price of the work the contractors were to do which there was any evidence tending to prove was made to the plaintiff and relied on by it, and that the representation that the price of that work was to be $19,500 was not a false one. The defendant undertook to support its allegations as to the making of the alleged misrepresentation by testimony to the effect that, when it was applied to, several weeks before the contract for the work was entered into, to become the contractors' surety, it was furnished with an unsigned draft of the contract subsequently made. There was affirmative testimony to the effect that the plaintiff, prior to the delivery to it of the bonds sued on, had no kind of communication or dealing with the defendant in regard to the latter becoming the contractors' surety. The only testimony having the slightest tendency to prove that any representative of the defendant even knew of the furnishing to the plaintiff of a draft of the contemplated contract was that of one of the contractors. Material parts of the testimony of this witness were in sharp conflict with that of other witnesses. Certainly the question of his credibility was a matter for the determination of the jury. There was evidence tending to prove the following state of facts: The contractors bid for the work to be done at the price of $19,500. They also agreed to take at par an issue of $24,000 of bonds, part of the proceeds of the sale of which was to be used in paying for the work contracted for. They made an agreement with a bond company under which the latter, in consideration of a discount or commission of $1,500, was to pay the $24,000 bid for the issue of bonds. The defendant lent the contractors $1,500 with which to pay the discount or commission, and received from the bond company the $24,000 bid for the bonds. The defendant charged the $1,500 against the contractors, not against the work contracted for, but did not reduce by that amount the price for which the work was to be done, as it was stated in the contract. The contract for the work might well be regarded as truly stating that $19,500 was the price to be paid for it, though the contractors by a contemporaneous and not wholly unconnected transaction became indebted to the plaintiff in the sum of $1,500. The existence of that indebtedness was not necessarily inconsistent with the price for the work being what it was stated to be in the contract. We think enough has been said to show that on the evidence adduced the jury would have been warranted in finding against the defendant on the first mentioned defense.

[4] We understand that the former ruling of this court in regard to the second above mentioned defense was to the effect that the bonds sued on did not impose upon the defendant any liability for amounts paid by the plaintiff to the contractors in violation of provisions of

the contract which the defendant, the contractors' surety, had a right to rely on, and did rely on, when it entered into its contract of suretyship. It is to be noted that the instruction dealing with this defense, the refusal of which was held to be error, hypothesized a finding by the jury from the evidence that no part of the amount for which the defendant was sought to be made liable was paid for work contracted for after that work had been done. The evidence adduced in the last trial showed that the plaintiff's demand was based in part on payments the making of which violated no provision of the contract, being for work called for by the contract which had been done and completed before it was paid for. We do not construe any ruling made when the case was here before as negativing the existence of a right in the plaintiff to recover of the surety the amount of losses resulting from payments made to the contractors under circumstances which the surety, when it made the bonds sued on, understood or contemplated would justify the plaintiff in making such payments. As to an item of $4,500, which was mentioned in one of the pleas interposed and was discussed in the opinion formerly rendered, there was evidence on the last trial which was not adduced on the first trial. That amount was advanced by the plaintiff to the contractors to enable the latter to pay the price of a dredging machine needed for doing work contracted for. In the matters of the applications for the bonds sued on and putting them into effect the defendant was represented exclusively by J. J. Morrison, its general agent at Memphis. He was a witness for the defendant in the last trial. Whatever information in regard to the terms of the proposed contract the defendant had before it made the bonds sued on was imparted to Morrison by the unsigned draft which accompanied the contractors' first application. In the course of his cross-examination testimony was elicited which indicated that he understood the provision of the contract the meaning of which was disputed, and which was construed by this court, as making it permissible for the defendant to advance or pay to the contractors amounts required to pay the price of and the freight on machinery or implements needed by the contractors to enable them to do the work contracted for. A finding that the defendant's sole representative so understood the proposed contract hardly would be reconcilable with one that the defendant, in consenting to become the contractors' surety, was influenced by the consideration that the contract protected it from liability for losses resulting from payments or advances made by the plaintiff to the contractors for such a purpose. However that may be, evidence above mentioned of payments to the contractors for work contracted for made after that work was done was enough to make it a question for the jury whether the contractors' abandonment of the work before it was completed entailed upon the plaintiff a loss which was chargeable against the defendant, the contractors' surety. In view of that evidence, the second above mentioned defense cannot be regarded as having been so made out as to justify the giving of the instruction complained of.

What has been said we think sufficiently indicates the grounds relied on to support the conclusion reached that the issues raised by the defenses mentioned were for the determination of the jury. In our opin

ion the record does not disclose any tenable ground upon which the action of the court in instructing the jury to find for the defendant is sustainable. It follows that the judgment should be reversed; and it is so ordered.

Reversed.