## EQUITABLE SURETY CO. v. BOARD OF COM'RS OF MUDDY BOTTOM SWAMP LAND DIST. NO. 1, TIPPAH COUNTY, MISS.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1919.)

### No. 3337.

1. PRINCIPAL AND SURETY ⊗151—ACTIONS—PARTIES.
   Ordinarily obligee on bond is proper party to enforce it.

2. DRAINS ⊗49—CONTRACTOR'S BOND—PARTIES.
   Under Code Miss. 1906, § 387, regulating handling of money by swamp land district commissioners, the commissioners may sue contractor's surety in their own name.

3. PRINCIPAL AND SURETY ⊗151—ESTOPPEL—RECEIVING PREMIUM.
   Surety, receiving a premium, is estopped to deny obligee's capacity to sue for breach of bond.

4. PRINCIPAL AND SURETY ⊗123(1)—NOTICE TO SURETY—NECESSITY—"DEFAULT."
   The contract requirement of exertion by contractor of all reasonable diligence and activity being for the benefit of the obligee on the contractor's bond, the obligee, by failing to treat a less amount of diligence as a default, waived it, and was not required to give the surety notice there-

⊗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of; it not being in such case a "default" within the meaning of the contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Default.]

5. WITNESSES ⊜⇒244, 255(9)—EXAMINING WITNESSES—LEADING QUESTIONS—REFRESHING RECOLLECTION.

In action on surety's bond, court did not abuse its discretion in allowing surety's former manager when called as witness for plaintiff, to be examined and led as a hostile witness, and his memory refreshed by a deposition previously made by him.

6. PRINCIPAL AND SURETY ⊜⇒162(2)—JURY QUESTION—MISREPRESENTATION.

In action on surety's bond, evidence that surety's manager construed contract as authorizing payment of disputed item to contractor, etc., held to make a jury question whether such payment was authorized by contract.

7. PRINCIPAL AND SURETY ⊜⇒162(2)—JURY QUESTION—MISREPRESENTATION.

In action on surety's bond, evidence that consideration named in drainage contract was subject to discount under another contract, etc., made a jury question whether plaintiff made a material false representation to defendant surety that contractor would receive amount stated in original contract.

8. PRINCIPAL AND SURETY ⊜⇒162(2)—JURY QUESTION—MISREPRESENTATION.

In action on a surety's bond, conflicting evidence held to make jury. question whether. plaintiff falsely represented to defendant surety that bond was to cover additional work, for which contractor would receive additional pay.

9. PRINCIPAL AND SURETY ⊜⇒145(1)—EVIDENCE—ADMISSIBILITY.

In action on surety's bond, judgment against principal for breach of contract is admissible as prima facie evidence of principal's default, even against surety.

10. DRAINS ⊜⇒49—CONTRACTOR'S BOND—AMOUNT OF RECOVERY.

In action on swamp land district contractor's bond, actual loss suffered from having to relet work may be recovered, including sums not yet due under the new contract.

In Error to the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Action by the Board of Commissioners of the Muddy Bottom Swamp Land District No. 1, Tippah County, Miss., against the Equitable Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 231 Fed. 33, 145 C. C. A. 221; 246 Fed. 633, 158 C. C. A. 589.

C. L. Sivley, of Memphis, Tenn. (Sively, Evans & McCadden, of Memphis, Tenn., on the brief), for plaintiff in error.

Thomas E. Pegram, of Ripley, Miss., Lester G. Fant, of Holly Springs, Miss., and William M. Hall, of Memphis, Tenn., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is a writ of error to a judgment in favor of the defendant in error, plaintiff in the District Court, against the plaintiff in error, which was defendant in that court, upon two

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

surety bonds, executed by it as surety, payable to the defendant in error, and conditioned to secure the faithful performance of a contract entered into between the defendant in error and the Delta Drainage Company, which was the principal, for the cutting of a drainage canal. The case has been heretofore twice before this court. On the first trial the defendant in error obtained a judgment in the District Court, which was reversed by this court because of the refusal of the District Court to give certain charges requested by the plaintiff in error. Equitable Surety Co. v. Board of Commissioners, 231 Fed. 33, 145 C. C. A. 221. On the second trial in the District Court the District Judge directed a verdict for the present plaintiff in error, and the present defendant in error sued out a writ of error from the judgment then rendered, which was reversed by this court for that reason. Board of Commissioners v. Equitable Surety Co., 246 Fed. 633, 158 C. C. A. 589. The law of the case has been pretty well established by the two former opinions of the court. A recital of the facts is unnecessary, in view of the statement of facts contained in the former opinions. The difference between the facts upon the first trial and the trial from the judgment following which the present writ of error was taken consists very largely in the evidence of plaintiff in error's former manager at Memphis, one Morrison, who was a witness on the second and third, but not on the first, trial of the case.

[1-3] The first ground for reversing the judgment advanced by plaintiff in error is that the suit should have been instituted in the name of board of supervisors of Tippah county, and not in the name of defendant in error. The bond sued upon was payable to defendant in error, and not to Tippah county, or to its board of supervisors. The general rule is that the obligee of a bond is the proper party to enforce it. 32 Cyc. 123; 9 Corpus Juris, 85; Cass County v. Johnston, 95 U. S. 360, 24 L. Ed. 416; Tyler v. Hand, 7 How. 573, 12 L. Ed. 824; Davenport v. County of Dodge, 105 U. S. 237, 26 L. Ed. 1018. The statute of Mississippi (section 387, Code of Mississippi of 1906) provides that the board of supervisors of the county shall sell the bonds issued for drainage purposes, and turn over the proceeds to the commissioners of the district to be by them expended in the drainage of the land, and in payment of the expenses incident thereto, and the commissioners are required to give bond for more than the amount of the funds received, conditioned to faithfully apply and account to the county for the money received. It seems, in view of this legislation, that they are entitled to sue in their own name for a liability on a bond, the recovery on which would be funds in their hands for which they would be accountable under the statute. Certainly the plaintiff in error, after receiving a premium, as a consideration for executing a bond in which the defendant in error was named as obligee, is estopped to deny the capacity of the obligee to sue for a breach of the bond. Tyler v. Hand, 7 How. 572, 583, 12 L. Ed. 824. The same point was made on the former appeals; on the first, it was reserved; on the second, it was not expressly referred to, but was impliedly passed upon adversely to plaintiff in error's contention, since the case was remanded for a third trial in its then form.

The second point presented is the refusal of the District Judge to direct a verdict for plaintiff in error. This contention was determined adversely to the plaintiff in error upon the second appeal. 246 Fed. 633, 158 C. C. A. 589.

[4] The third complaint is that the court failed to charge upon the effect of want of notice to plaintiff in error of the contractors' default, and refused requested instructions on that issue. The defendant in error gave prompt notice to the plaintiff in error, within the 10 days prescribed by the bond, of the default of the contractors in finally abandoning the work. No criticism is made of the sufficiency of this notice. It is claimed, however, that there was a previous default by the contractors, in that they did not exert all reasonable diligence and activity to accomplish the proper completion of the work, as stipulated by the contract, and that no notice was given of this default, as required by the bond.

The requirement of the exertion of all reasonable diligence and activity was for the benefit of the defendant in error, which it had the election to insist upon or waive. If the defendant in error failed to treat a less amount of diligence on the part of the contractors as a default, it thereby waived the default arising therefrom, and was not required to give the plaintiff in error notice of what was not in that event a default, within the meaning of the contract. The record shows that the defendant in error first claimed a default only when the contractors gave notice that they would no longer proceed with the contract, and of this default the required notice is conceded to have been given.

[5] The fourth point relied upon by the plaintiff in error to reverse the judgment is in relation to the treatment of the witness Morrison, who was examined by the defendant in error, though summoned by the plaintiff in error. The plaintiff in error insisted on his oral examination, when defendant in error sought to introduce his deposition. The defendant in error was permitted by the court to ask the witness leading questions, and to attempt to contradict him by his former evidence, taken by deposition. It was within the discretion of the court to treat the witness as hostile to the defendant in error, under the circumstances, and, as such, to permit him to be led, and his recollection to be refreshed by his deposition. We cannot say that the discretion was abused.

[6] The plaintiff in error complains, as a fifth ground of reversal, of the charge of the court, and of the refusal of the court to give certain requested instructions with respect to the effect of certain advances made by the defendant in error to the contractors, before the work done by the contractors justified the making of the advances, under the terms of the contract as claimed by the plaintiff in error. The principal item was an advance of $4,500 for the purchase of machinery by the contractors for the digging of the canal. Upon the first appeal the court construed the contract between the defendant in error and the contractors as giving the former the right to decline to make payments under the contract until the work done equaled the payment made, and held that if the defendant in error departed from the contract, and paid the con-

tractors money in advance of the time, it could be required or reasonably expected thereunder that the surety company, plaintiff in error, would be released. The evidence on the second and third trials differed from that on the first trial, in that the witness Morrison testified upon the second and third trials, but not upon the first trial. His testimony upon both the second and third trials was to the effect that he understood the provision of the contract as to payments as making it permissible for the defendant in error to advance or pay to the contractors the amounts required to pay the price of and the freight on machinery or implements needed by the contractors to enable them to do the work contracted for. The present record also shows that the machinery was mortgaged to the plaintiff in error as indemnity, and its purchase known to and approved by the representative of the surety company. This court, on the second appeal, with reference to this evidence, said:

"A finding that the defendant's sole representative so understood the proposed contract hardly would be reconcilable with one that the defendant, in consenting to become the contractors' surety, was influenced by the consideration that the contract protected it from liability for losses resulting from payments or advances made by the plaintiff to the contractors for such a purpose. However that may be, evidence above mentioned of payments to the contractors for work contracted for made after that work was done was enough to make it a question for the jury whether the contractors' abandonment of the work before it was completed entailed upon the plaintiff a loss which was chargeable against the defendant, the contractors' surety. In view of that evidence, the second above-mentioned defense cannot be regarded as having been so made out as to justify the giving of the instruction complained of." Board of Commissioners v. Equitable Surety Co., 246 Fed. 633, 636, 158 C. C. A. 592.

The court below rightly refused the direction of a verdict, and properly instructed the jury on the issue in conformity with the opinion of this court. In any event, it seems difficult to see how any unauthorized advances could effect more than a destruction of defendant in error's right to have them included in its damages, and all the requested instructions refused on this question went to the extent of denying all right of recovery to the defendant in error.

[7] The plaintiff in error also complains, as a sixth ground of reversal, of the charge of the District Judge upon the issue as to whether the defendant in error misrepresented to the plaintiff in error the amount of compensation agreed to be paid the contractors for the work to be done by them. On the first appeal this court held that there was an issue of fact in this respect, as to whether there was a representation that the contract price of the work was falsely represented as being $19,500, instead of $18,000, and as to whether such a misrepresentation, if made, materially increased the surety company's risk. Upon the second trial a verdict was directed against the present defendant in error, which was held to be error upon the second appeal; this court holding that all the three defenses presented to the cause of action presented issues of fact. There were opposing versions of this question, also, on the third trial. The plaintiff in error contended that a discount paid by the contractors to the taker of the bonds was, in effect, a diminution of the consideration expressed in the contract for

the doing of the work. The defendant in error contended that the agreement of the contractors to pay the discount was a separate one from the working contract, and so did not affect the consideration agreed to be paid the contractors by the terms of the contract. The District Judge, under proper instructions, left the solution of this question, as well as that of the question as to whether there was a representation made by the defendant in error to plaintiff in error as to the amount to be paid the contractors, and of its materiality, if made and untrue, to the jury, in conformity to the previous opinions of this court in the case.

[8] Two bonds are sued upon. The first contained a penalty of $5,000. After its execution, and after the machinery was purchased by the contractors and the money therefor advanced by the defendant in error, the defendant in error required the contractors to give an additional bond of $2,500, which it did, with the plaintiff in error as surety. The plaintiff in error contends, in the seventh place, that one of the commissioners, McBride, caused the agent of the contractors to represent to the agent of the surety company that the second bond was for additional work, which, under the original contract, was to be paid for at an increased price, and that this was untrue, and that the risk would have been less, if it had been true. The making of the representation by the defendant in error was disputed by it, and the District Judge submitted this question, as well as the materiality of the representation, if made, to the jury, under a fair charge, for its determination, as was directed to be done by this court. The subject-matter of the plaintiff in error's requested instructions, refused by the District Judge, relating to this question, was fully covered by the court's general charge.

[9] The plaintiff in error complains, in the eighth place, of the admission in evidence of the judgment obtained at a previous term of the District Court by the defendant in error against the contractors for a breach of the contract the bond sued upon was given to secure. The judgment was prima facie evidence of the principal's default, even against his surety, and was properly admitted. Moses v. United States, 166 U. S. 571, 600, 17 Sup. Ct. 682, 41 L. Ed. 1119.

[10] The measure of damages fixed by the court represented the actual loss the defendant in error suffered from having to relet the work, and was the proper one. The fact that the second contractor had not as yet claimed the difference not due him under his contract till the end of the litigation is unimportant.

Finding no error in the record, the judgment is affirmed, with costs. Affirmed.