## No. 11,083.

### AMERICAN SURETY COMPANY OF NEW YORK v. MORRIS, ET AL.

Decided January 11, 1926.

Action on indemnity bond. Judgment for plaintiffs.

*Affirmed.*

1. PLEADING—*Complaint.* In an action on an indemnity bond, allegations of amended complaint reviewed and held to state a cause of action.

2. EVIDENCE—*Principal and Surety—Judgment.* In an action against principal and surety on an indemnity bond, evidence of a prior judgment against the principal in favor of the assured for a shortage occurring during the life of, and covered by the bond, was admissible and conclusive against the principal, and admissible against the surety as prima facie evidence of a breach of the bond.

3. PARTIES—*Capacity to Sue.* In an action on a surety bond, plaintiffs, acting as the executive committee of the Colorado State Grange and suing for all of its members, which sufficiently appeared from the complaint and evidence, were proper parties plaintiff, and the contention that they had no legal capacity to sue, is overruled.

4. PRINCIPAL AND SURETY—*Bond—Withdrawal of Surety.* Where a surety company gave notice of its withdrawal from an indemnity bond, which notice went to the defaulting employe who re-

ceipted for it, but kept the employer in ignorance thereof, it is held that the employer obligee did not get notice.

5.      *Bond—Withdrawal of Surety.* A bonding company cannot withdraw as surety from an indemnity bond and at the same time collect and retain premiums thereon.

6.   VERDICT—*Directed—Surety Bond.* In· an action against· a surety company on an indemnity bond, action of the trial court in directing a verdict for plaintiff, approved. ·

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. BARDWELL, HECOX, MCCOMB & STRONG, for plaintiff in error.

Mr. T. H. HOOD, for defendants in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION by Morris and others, acting as the Executive Committee of Colorado State Grange, suing for its members against Scruggs as principal and the American Surety Company as surety on a fidelity insurance bond. Judgment against defendants for five thousand dollars, the amount of the bond. The Surety Company alone brings error.

The surety bond covered such pecuniary loss, not exceeding five thousand dollars, as the Grange should sustain in money or other personal property, "by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication on the part of the employe (Scruggs) while in any position or at any location in the employ of the employer."

Unless otherwise designated, we shall, for brevity, refer to plaintiff in error, who was defendant in the trial court, as the Surety Company, and to defendants in error, successful plaintiffs there, as the Grange.

1.   The first assignment of error is that the court erred

in overruling the Surety Company's objection to the introduction of any evidence on the ground that the complaint as amended did not state facts sufficient to constitute a cause of action.

The complaint shows: The execution and delivery of the fidelity bond by the Surety Company to the Colorado State Grange, for whom the suit was brought by its Executive Committee; the payment of the fidelity insurance premium to the Surety Company; the pecuniary loss to the Grange caused by the wrongful acts of Scruggs, covered by the bond; the amount of such loss, greatly in excess of the sum of $5000, the limit of the obligation of the bond; waiver of notice of loss and notice of proof of loss and facts constituting waiver; performance by plaintiff.

The averments of the complaint are good. *National Mutual Fire Insurance Company v. Sprague,* 40 Colo. 344, 350, 92 Pac. 227; *German American Insurance Company v. Hyman,* 42 Colo. 156, 172, 94 Pac. 27, 16 L. R. A. (N. S.) 77. The first assignment of error is therefore not well taken.

2. Second assignment of error: That the trial court erred in admitting evidence of a prior judgment against the principal alone.

Two suits are to be considered: this one, and the former one above referred to. As to the first: The Surety Company was not a party; it was brought by Scruggs against the Grange and certain of its members for money alleged to be due Scruggs, but the defendant Grange filed a counterclaim against plaintiff Scruggs and got judgment against him for his defalcations or shortages amounting to $14,702. A part of this shortage was not created during the period covered by the bond, but in the second suit, where the Surety Company and Scruggs are defendants, being the present one brought here for review only as to the judgment against the Surety Company, evidence of the prior judgment against Scruggs was by the trial court in this case limited to such of Scruggs' acts as were protected by the bond and which were committed by him during the

year of the life thereof, September 10, 1920, to September 10, 1921. The shortages between these dates were in excess of the judgment against the Surety Company in this action. Such limitation in this action of the evidence mentioned relating to the first case was proper and sufficiently protected the Surety Company.

Evidence of the prior judgment was admissible. It was conclusive against Scruggs, the principal. *Drummond v. Prestman*, 12 Wheat. 515, 519, 520, 6 L. Ed. 712; *Stephens v. Shafer*, 48 Wis. 54, 59, 60, 3 N. W. 835, 33 Am. Rep. 793.

It was admissible against the Surety Company, as prima facie evidence of a breach of the bond. *Moses v. United States*, 166 U. S. 571, 600, 17 Sup. Ct. 682, 41 L. Ed. 1119; *Lowell v. Parker*, 10 Metc. (Mass.) 309, 43 Am. Dec. 436; *Union Guaranty & Trust Co. v. Robinson*, 79 Fed. 420, 422, 24 C. C. A. 650; *Dixie Fire Ins. Co. v. American Bonding Co.*, 162 N. C. 384, 391, 392, 78 S. E. 430; *Stephens v. Shafer, supra; Equitable Surety Co. v. Commissioners*, 256 Fed. 773, 778, 168 C. C. A. 119.

The brief of counsel for the Surety Company contains much discussion of the previous suit, all of which we have considered, but the court had full jurisdiction over the parties and subject matter, and we find no error in what was done there. It follows from this and the above authorities that the second assignment of error is not well founded.

3. As to plaintiffs' legal capacity to sue: The Surety Company takes the position that the Colorado State Grange, the obligee named in the bond, is not a party to the action, and that the defendants in error are individuals, but a glance at the amended complaint shows that the suit is not by them as individuals, but that they are acting as the Executive Committee of the Colorado State Grange and suing in this behalf for all its members. Their authority and representative capacity is clearly stated in the amended complaint and it also sufficiently appears from the evidence. They would have neglected their duty to the Grange if they had not sued, and when the Surety Company pays the judgment, with interest and costs, there need be no concern that

the money to be so paid will not go to the association that paid the cash premium to the Surety Company for the bond. Plaintiffs can give a good receipt.

4.   The Surety Company contends that under a clause in its contract, it withdrew from the bond as to further liability before the shortage was created.   They say that the withdrawal was because of the Grange's failure to pay the annual premium on the bond, and that notice was given to the Grange of such withdrawal.   The notice went to Scruggs and was receipted for by him.   With the guilty secret of his peculations in his breast, it was not natural that he would have confided in those from whom he had unlawfully abstracted money or property and so he did not tell them about the company's wish to withdraw, but kept his employers in ignorance, hence the obligee in the bond did not get notice.   Then again, the agent of the Surety Company afterwards sent a bill for the premium on the surety bond, which was paid by the treasurer of the Grange; the Surety Company thus got the money for its indemnity service, just as it had for several previous years. Even assuming for the nonce that the notice of withdrawal was good, the subsequent acceptance of the premium was a waiver of such notice. Cancelled checks from the Treasurer of the Grange to the agent of the Surety Company for the premiums are in evidence. The Surety Company could not withdraw from the bond and continue to collect a premium for the same period. The result was that there was in fact no withdrawal at all.

5.   At the close of the evidence, plaintiffs moved for a directed verdict and the honorable trial court said this: "Gentlemen of the jury: I have arrived at the conclusion that there is no defense to this action. Scruggs defaulted; there is no question about that. He took money and misappropriated to his own use in excess of the amount of the bond, which is five thousand dollars. Recovery, however, cannot exceed the amount stated in the bond. There were several defenses interposed that were argued most thoroly and energetically by counsel, but the court holds against

him on the law, holds that those defenses are not sufficient to deprive the plaintiffs of the right to recover."

The court thereupon directed a verdict in the sum of five thousand dollars.

We are grateful for the good briefs on both sides, which have immensely facilitated our work. The record is long and the citations of authorities numerous but to discuss them all would unnecessarily prolong this opinion without altering the ultimate result. Our conclusion is that the trial court was right. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.